[L. A. No. 2501.   Department One.—June 13, 1910.]

## JOHN ENGEBRETSEN, Appellant, v. JOHN H. GAY et al., Respondents.

FORECLOSURE OF STREET ASSESSMENT—ATTORNEY'S FEES.—In an ac-tion to foreclose the lien of a delinquent street assessment, the allow-ance of fifteen dollars, as authorized by section 12 of the act of March 18, 1885, as amended, as attorneys' fees, in addition to the taxable costs, is valid, and not in violation of any provision of the state or federal constitution.

ID.—ACTION TO ENFORCE DELINQUENT TAXES.—On the same principle upon which attorneys' fees are allowed in actions to enforce delin-quent taxes, the state may provide for a similar allowance in an action to enforce a delinquent street assessment.

ID.—OBLIGATION OF OWNER TO PAY ASSESSMENT.—The obligation of the owner to pay the street assessment is the same as it is to pay his taxes.

ID.—STREET ASSESSMENT RESTING ON POWER OF STATE TO TAX.—A street assessment is laid by virtue of the power of the state to tax; and the allowance of an attorney's fee on foreclosure in such case may be upheld, on the ground that the state may provide a penalty if the delay of the property-owner makes it necessary to commence suit.

APPEAL from a judgment of the Superior Court of San Diego County. T. L. Lewis, Judge.

The facts are stated in the opinion of the court.

Haines & Haines, for Appellant.

L. L. Boone, for Respondents.

ANGELLOTTI, J.—This is an appeal by plaintiff from a portion of the same judgment as is involved in *Engebretsen* v. *Gay,* (L. A. 2478), *ante,* p. 27, [109 Pac. 879], this day decided, a judgment sustaining plaintiff's claim of a lien on property of defendant to secure payment of the amount of an assessment for street improvements and directing a sale of such property to satisfy such assessment with interest and costs. While otherwise in favor of plaintiff, this judgment denied his right to recover the sum of fifteen dollars in addition to the taxable costs, as an attorney fee, and disallowed the same. Plaintiff's appeal is from so much of the judgment as denies him a recovery of such attorney fee.

Section 12 of the act relating to street improvements, the act of March 18, 1885, as amended, in terms provides that "in all cases of recovery under the provisions of this act, the plaintiff shall recover the sum of $15 in addition to the taxable costs as attorneys' fees." The theory upon which the lower court disallowed plaintiff's claim was that this provision is invalid under the doctrine of *Builders' Supply Depot* v. *O'Connor,* 150 Cal. 265, [119 Am. St. Rep. 193, 88 Pac. 982]. In that case it was held in regard to liens of mechanics and others on real property for labor or materials furnished in improving the same (secs. 1183 to 1203a, Code Civ. Proc.), that the statutory provision for the allowance of reasonable attorneys' fees to

each lien claimant whose lien is established (Code Civ. Proc., sec. 1195) is void as violative of the provision of the federal constitution which guarantees to every person the equal protection of the law, and of the provisions of our own constitution "which provide that general laws shall be uniform, prohibit special laws, and declare the inalienable rights of all men of acquiring, possessing and protecting property." That ruling has been followed in *Mannix* v. *Tryon,* 152 Cal. 31, 41, [91 Pac. 983], and *Merced Lumber Co.* v. *Bruschi,* 152 Cal. 372, 375, [92 Pac. 844], and must now be taken as settled law in this state. The reasoning upon which this conclusion is based in the first case cited (*Builders' Supply Depot* v. *O'Connor,* 150 Cal. 265, [119 Am. St. Rep. 193, 88 Pac. 982]), was that of the United States supreme court in *Gulf etc. Ry. Co.* v. *Ellis,* 165 U. S. 150, [17 Sup. Ct. 255], wherein a statute of the state of Texas gave an attorney fee of ten dollars to any person having a valid *bona fide* claim against a railroad corporation not exceeding fifty dollars for personal services rendered or labor done, or for damages, etc. The court said that the effect of this statute was simply to impose a penalty upon railroad corporations for failure to pay certain debts, while individuals or other corporations guilty of similar delinquencies were not thus punished. It was declared that under this statute the railroad corporations were not treated as other debtors "or equally with other debtors," that they could not appeal to the courts as other litigants under like conditions and with like protection, that if the litigation terminated adversely to them they were mulcted in the attorneys' fees of the successful plaintiff, while if successful they recovered no attorneys' fees, that they are therefore discriminated against and do not stand equal before the law. The Texas statute was therefore held invalid. This court said in *Builders' Supply Depot* v. *O'Connor,* 150 Cal. 265, [119 Am. St. Rep. 193, 88 Pac. 982] : "A statute which gives an attorney's fee to one party in an action and denies it to the other, and allows such fee in one kind of action and not in other kinds of actions where, as in the statute here in question, the distinction is not founded on constitutional or natural differences, is clearly violative of the constitutional provisions above noticed." There is, however, nothing in the opinion in *Gulf etc. Ry. Co.* v. *Ellis,* 165 U. S. 150, [17 Sup. Ct. 255], or in our own *Build-*

*ers' Supply Depot* v. *O'Connor,* 150 Cal. 265, [119 Am. St. Rep. 193, 88 Pac. 982], to suggest that attorneys' fees may not be allowed a successful plaintiff in certain classes of cases, even though no such allowance be made to the defendant in the event that he prevails. The right to classify in this respect, as long as the classification is "based upon some difference bearing a reasonable and just relation to the act in respect to which the classification is attempted" was conceded by the opinion in *Gulf etc. Ry. Co.* v. *Ellis,* 165 U. S. 150, [17 Sup. Ct. 255], (see *Atchison etc. R. R. Co.* v. *Matthews,* 174 U. S. 96, [19 Sup. Ct. 609]), and is recognized by all the authorities. The difficulty in the Texas case was that there was no such difference, and the same was held to be true by this court in regard to our Mechanics' Lien Law provision. In *Atchison etc. R. R. Co.* v. *Matthews,* 174 U. S. 96, [19 Sup. Ct. 609], the United States supreme court upheld a statute of the state of Kansas allowing a reasonable attorney's fee to a successful plaintiff in an action against a railroad company for damages by fire caused by the operating of the railroad, on the ground that the same was a reasonable regulation in the nature of a police regulation to secure the utmost care on the part of railroad companies to prevent the escape of fire, and not simply a provision to secure the payment of debts. Upon the same principle, the United States supreme court has sustained a statute imposing a penalty on railroad corporations of $1.25 per day for failure to pay a laborer what is due him upon discharge, the statute being held to be a reasonable regulation for the protection of servants and employees of railroads (*St. Louis etc. Ry. Co.* v. *Paul,* 173 U. S. 404, [19 Sup. Ct. 419]), and a statute imposing a penalty of fifty dollars on a common carrier who failed to adjust and pay a valid claim for damages for loss of property within a stated time, it being held that the design was not to penalize the carrier for the non-payment of a debt, but that the statute was a reasonable regulation to bring about prompt settlement of such claims. (*Seaboard etc. Ry.* v. *Seegers,* 207 U. S. 73, [28 Sup. Ct. 28].) Decisions of state courts along the same lines are numerous. In *Railroad* v. *Crider,* 91 Tenn. 489, [19 S. W. 618], an act imposing on unfenced railroads absolute liability for injuries done to livestock by their moving trains, and making them liable for a reasonable attorney's fee in any action brought to recover the amount ap-

praised as due the plaintiff therefor, where the plaintiff re-
covers the amount of the appraisement, was upheld. The act
was held to be a valid exercise of the police power of the state,
the object thereof being to compel the inclosure of the track
in such manner as to prevent live-stock going on the road. As
to the provision for an attorney's fee objection was made that
it was the imposition of a burden upon one class of litigants in
favor of another, and a violation of the constitutional rule re-
quiring equality of right, privilege, and exemption. To these
objections the court said, through Judge Lurton, that they
overlooked the fact that the legislation is intended to compel
railroad companies to fence in their tracks, and that the state
having the right, in the exercise of its police powers, to com-
pel all railroad companies to fence in their tracks, might en-
force such policy, not only by making the offending company
liable to all sustaining injury by reason of their neglect, but,
blending public and private interests, by permitting a recov-
ery in excess of actual damages by way of punitive damages
and reasonable attorneys' fees. In *Terre Haute etc. R. Co.* v.
*Salmon,* 161 Ind. 131, [67 N. E. 918], a statute allowed an
owner to fence a railroad right of way where the railroad com-
pany refused on proper notice to do so, and to recover the
cost, with reasonable attorney fee. It was held that the legis-
lature had the right, in the exercise of its police powers, to
prescribe this duty and impose penalties for failure to per-
form, in shape of double actual damages, double costs, attor-
ney fee and absolute liability in case of injury to animals.
The court said that the attorney fee was in the nature of a
penalty for damages imposed by the legislature as a punish-
ment for the neglect and willful failure of the railroad com-
pany to erect said fence as required by the statute and to com-
pel it to construct the same. See, also, *Humes* v. *Ry. Co.,* 82
Mo. 221, [52 Am. Rep. 369]; *Perkins* v. *St. Louis etc. Ry. Co.,*
103 Mo. 52, [15 S. W. 320]; *Peoria etc. Ry. Co.* v. *Duggan,*
109 Ill. 537, [50 Am. Rep. 619]; *Dow* v. *Beidelman,* 49 Ark.
455, [5 S. W. 718]; in which the attorney fee provision was
upheld as a part of the penalty imposed for non-compliance
with the duty imposed; *Jacksonville etc. Ry. Co.* v. *Prior,* 34
Fla. 271, [15 South. 760]; note to *Dell* v. *Marvin,* 79 Am. St.
Rep. 178.

More closely in point, but depending on the same general

principle, are decisions upholding provisions for attorneys' fees in actions to recover taxes, the validity of which has apparently never been doubted by the courts. In *People* v. *Seymour,* 16 Cal. 332, [76 Am. Dec. 521], an action for the recovery of taxes, it was held that a provision of a statute compelling a party delinquent in payment of taxes, if sued, to pay costs and a percentage by way of an attorney fee in addition to the tax was not unconstitutional. In *State* v. *Kerr,* 8 Mo. App. 125, such a provision was upheld, the court saying that it was purely remedial, and stands upon a like footing with any other provision for compelling the delinquent to bear the expenses incident to an enforcement of the state's claim for taxes. (See, also, *United States Electric etc. Co.* v. *State,* 79 Md. 63, 72, [28 Atl. 768].) It is the legal duty of every person liable for taxes to pay the same when due, and the power of the state to impose upon the taxpayer penalties for noncompliance with this duty, and such costs as are reasonably incurred in the enforcement of the same, including reasonable attorneys' fees, cannot be doubted.

There is no distinction in principle in this regard between ordinary taxes and local assessments for improvements under such statutes as our Street Improvement Act. The assessment, it is true, is one in favor of the contractor to whom the contract for the improvement has been let by the public authorities, but it is one laid by virtue of the power of the state to tax, and the contractor may properly be regarded as the agent of the state in the matter of the enforcement of the tax against the assessed property. The obligation resting on the property assessed to answer for this tax is as clear and positive as is the duty of a taxpayer to pay the ordinary tax. The nature of the proceedings is such that the expense of collecting the tax on property delinquent, if not recoverable against such property in the proceeding to enforce the tax, would fall in part on those who voluntarily pay their assessments, since contractors in bidding upon street work would be compelled to include in their estimates an additional amount sufficient to indemnify them against the probable further expense in this regard. Such expense should equitably be borne only by the property as to which such proceedings are rendered necessary by the delinquency of the owners. It would seem that the legislature should have the power to provide for the payment of such ad-

ditional expense by the property whose owners are responsible therefor. While the precise question has not been presented for determination many times, such rulings as have been made sustain the validity of such a provision. It is declared in Page & Jones Taxation by Assessment, that if the statute so provides, a penalty may be charged for failure to pay an assessment when due, and an attorney fee may be recovered in a suit to enforce an assessment. (Secs. 1108, 1109 and 1110.) The question was determined by the supreme court of Indiana in favor of such a provision for attorneys' fees in *Brown* v. *Central Bermuidez Co.,* 162 Ind. 452, [89 N. E. 150], the court saying in reply to a claim that the provision was unconstitutional: "A street assessment is laid by virtue of the power of the state to tax and we think that a statute providing for the allowance of an attorney's fee on foreclosure in such case can be upheld on the ground that the state may provide for a penalty if the delay of the property-owner to discharge such obligation renders it necessary to commence suit. The enactment upon the subject may be compared to the provisions of statutes made for the benefit of purchasers at tax-sales." (See, also, *Pittsburgh etc. R. Co.* v. *Taber,* 168 Ind. 419, 422, [77 N, E. 741].)

We are of the opinion that the provision for an attorney fee in this class of cases is not in violation of any constitutional provision, federal or state, and that the judgment is erroneous in not including the allowance of fifteen dollars asked by plaintiff thereunder.

So much of the judgment of the court below as refuses plaintiff an allowance for attorney fee is reversed, with directions to the court below to modify its judgment by incorporating a provision allowing such a fee as provided by the statute.

Shaw, J., and Sloss, J., concurred.