[Civ. No. 25681. Second Dist., Div. One. Dec. 22, 1961.]

KALICO, INC., Plaintiff and Respondent, v. LESLIE
DOOLEY et al., Defendants and Appellants.

Grant & Popovich for Defendants and Appellants.

Carl B. Sturzenacker and Walter Monarch for Plaintiff and
Respondent.

FOURT, J.—This appeal is "from that part of the order of
the trial court made on February 15, 1961, upon plaintiff's
motion to tax costs denying to defendants a reasonable attor-
ney's fee under the provisions of Section 4207 of the Govern-
ment Code."[1]

A résumé of some of the facts is as follows: Peder C.
Boddum entered into a public work general contract with

---

[1]The minute order dated February 15, 1961, provides: "*Motion* of
plaintiffs [*sic*] to *tax costs*, motion of the plaintiff for a new trial and
motion of the plaintiff for judgment notwithstanding the verdict come
on for hearing. After argument by counsel, motion of the plaintiff for
judgment notwithstanding the verdict is denied. Motion of the plaintiff
for a new trial is denied. On the motion of the plaintiff to tax costs
Item 26 is allowed, Item 27 [i.e., attorney's fees pursuant to Govern-
ment Code section 4207 in the sum of $9,500.00] is disallowed. Motion
of the plaintiff to substitute Carl B. Sturzenacker and Walter Monarch
for Carl B. Sturzenacker is granted."

Cerritos Junior College School District for certain site preparation work. Boddum entered into a subcontract with Dooley Bros. for delivery of fill materials to the site. Thereafter plaintiff agreed with Dooley Bros. to provide fill materials from a dump operated by plaintiff.

Pursuant to the requirements of sections 4200-4210[2] of the Government Code, Boddum furnished a contractor's bond in which defendant, General Insurance Company of America, was surety.

Plaintiff sued on said contractor's bond, claiming nonpayment by Dooley Bros. for fill materials furnished. Dooley Bros. counterclaimed for monies allegedly paid to plaintiff under duress.

The case was tried before a jury which found adversely to plaintiff on its complaint and adversely to Dooley Bros. on their counterclaim.

In their ''MEMORANDUM OF COSTS AND DISBURSEMENTS'' defendants claimed $9,500 attorney's fees, relying upon sec-

---

[2]Sections 4200-4208 of the Government Code provide: ''§ 4200. Every person to whom is awarded a contract involving an expenditure in excess of one thousand dollars ($1,000) for the improvement, erection or construction of any building, road, bridge or other structure, excavating, or other mechanical work for the State, or for any political sudivision or agency of the State shall, before entering upon the performance of the work, file a good and sufficient bond with the officer or body by whom the contract was awarded.

''§ 4201. The contractor's bond shall be approved by the officer or body by whom the contract was awarded.

''§ 4202. To be approved, the contractor's bond shall be in a sum not less than:

''(a) One-half of the total amount payable by the terms of the contract when the total amount payable does not equal or exceed five million dollars ($5,000,000).

''(b) One-fourth of the total amount payable by the terms of the contract when the total amount payable is not less than five million dollars ($5,000,000) and does not exceed ten million dollars ($10,000,000).

''If the total amount payable by the terms of the contract exceeds ten million dollars ($10,000,000) a bond in the sum of two million five hundred thousand dollars ($2,500,000) is sufficient.

''§ 4203. To be approved, the contractor's bond shall be executed by either two or more good and sufficient sureties or by a corporate surety, as provided by law, in an amount not less than the sum specified in the bond.

''§ 4204. To be approved, the contractor's bond shall provide that if the person or his subcontractors, fail to pay for any materials, provisions, provender or other supplies, or teams, used in, upon, for or about the performance of the work contracted to be done, or for any work or labor thereon of any kind, or for amounts due under the Unemployment Insurance Act with respect to such work or labor, that the surety or sureties will pay for the same, in an amount not exceeding

tion 4207 of the Government Code. Upon plaintiff's motion to tax costs this item was disallowed.

 The issue presented on this appeal as stated by appellants in their opening brief is as follows: "Are the defendants, prevailing parties in this action filed by plaintiff as a claimant upon a labor and material bond executed pursuant to the provisions of Gov. C. §§ 4200-4210, entitled to recover from plaintiff a reasonable attorney's fee to be taxed as costs under the provisions of Gov. C. § 4207?"

The pertinent part of Section 4207 of the Government Code provides that, "Upon the trial of the action, the court *shall* award *to the prevailing party* a reasonable attorney's fee, to be taxed as costs, and to be included in the judgment therein rendered." (Emphasis added.) Section 14 of the Government Code provides: " '*Shall*' *is mandatory* and 'may' is permissive." (Emphasis added.)

The substance of respondent's contention is that section 4207 of the Government Code does not mean what it says. Respondent asserts in effect that "prevailing party" really means "prevailing claimant" and not "prevailing defendants."

---

the sum specified in the bond, *and also, in case suit is brought upon the bond, a reasonable attorney's fee, to be fixed by the court.*" (Emphasis added.)

"§ 4205. To be approved, the contractor's bond shall by its terms inure to the benefit of any and all persons entitled to file claims under Section 1192.1 of the Code of Civil Procedure so as to give a right of action to them or their assigns in any suit brought upon the bond.

"§ 4206. Suit against the surety or sureties on the contractor's bond may be brought by any claimant, or his assign, at any time after the claimant has ceased to perform labor or furnish material, or both, and until the expiration of six months after the period in which verified claims may be filed as provided in Section 1192.1 of the Code of Civil Procedure.

"§ 4207. The filing of a verified claim is not a condition precedent to the maintenance of an action against the surety or sureties on the contractor's bond. An action on the bond may be maintained separately from and without the filing of an action against the officer or body by whom the contract was awarded.

"*Upon the trial of the action, the court shall award to the prevailing party a reasonable attorney's fees, to be taxed as costs, and to be included in the judgment therein rendered.*" (Emphasis added.)

"§ 4208. Unless a contractor's bond is filed and approved as provided in this chapter, no claim in favor of the contractor arising under the contract shall be audited, allowed, or paid by any officer of the State, or of any politicial subdivision or state agency. Persons who have in good faith performed work upon the contract, or supplied materials for the execution thereof, shall receive payment of their respective claims in the manner provided by Sections 1190.1 and 1197.1 of the Code of Civil Procedure upon giving notice by filing statements as provided in Section 1192.1 of the Code of Civil Procedure."

In support of its contention respondent cites *Lewis & Queen* v. *S. Edmondson & Sons,* 113 Cal.App.2d 705 [248 P.2d 973], and quotes from 41 California Jurisprudence 2d, Public Works and Contracts, section 85, page 460. None of the authorities cited supports respondent's contention that "Only a Successful Claimant Can Be the Prevailing Party Contemplated by Government Code Section 4207."

In the *Lewis & Queen* case, *supra,* the plaintiff claimant was the prevailing party. Mr. Justice McComb, speaking for the court, indicated that plaintiffs were entitled to recover attorney's fees. The question of whether a defendant who was the prevailing party was entitled to recover attorney's fees was obviously not before the court.

While the quote from 41 California Jurisprudence 2d, *supra,* indicates that a successful material or labor claimant is entitled to attorney's fees, it does not support the contention that successful defendants are not entitled to attorney's fees.

To adopt respondent's construction of section 4207 would raise serious doubts as to the constitutionality of that section. (See *Granite Rock Co.* v. *Freeman,* 93 Cal.App. 507, 509 [269 P. 668]; *Builders' Supply Depot* v. *O'Connor,* 150 Cal. 265 [88 P. 982, 119 Am.St.Rep. 193, 17 L.R.A. N.S. 909].)

The mandate of section 4207 is clear. Defendants are the prevailing parties. The order of the trial court denying to defendants an attorney's fee is reversed and the case is remanded to the trial court with instructions that the defendants be awarded a reasonable attorney's fee.

Wood, P. J., and Lillie, J., concurred.

A petition for a rehearing was denied January 12, 1962.