[L.A. No. 30403. Mar. 17, 1977.]

GREAT LAKES PROPERTIES, INC.,
Cross-complainant and Appellant, v.
CITY OF EL SEGUNDO et al.,
Cross-defendants and Respondents.

[L.A. No. 30404. Mar. 17, 1977.]

GREAT LAKES PROPERTIES, INC.,
Cross-complainant and Appellant, v.
C & M DEVELOPMENT COMPANY,
Cross-defendant and Respondent.

## COUNSEL

Pollock, Williams & Berwanger, John P. Pollock and Charles V. Berwanger for Cross-complainant and Appellant.

Evelle J. Younger, Attorney General, Carl Boronkay, Assistant Attorney General, Robert B. Keeler and David R. Goldman, Deputy Attorneys General, John Roger Beers, Ballard Jamieson, Jr., Laurens Silver, Robert M. Ornstein, William L. Winslow, Ornstein & Kontos, Brent N. Rushforth, Carlyle W. Hall, Jr., A. Thomas Hunt, John R. Phillips and Frederic P. Sutherland as Amici Curiae on behalf of Cross-complainant and Appellant.

Burke, Williams & Sorensen, Mark C. Allen, Jr., Rose & Leventhal, Michael D. Leventhal and Kenneth L. Freeman for Cross-defendants and Respondents.

Hanna & Morton, Harold C. Morton, Edward S. Renwick, Lauren R. Brainard, Mitchell, Silberberg & Knupp, Arthur Groman, Hillyer & Irwin, Oscar F. Irwin and Brown B. Smith as Amici Curiae on behalf of Cross-defendants and Respondents.

## OPINION

**THE COURT.***—In this case a hearing was granted by this court after decision by the Court of Appeal, Second Appellate District, Division Four, for the purpose of giving further study to the problems herein presented. After such study, we have .concluded that the opinion prepared by Justice Cole (assigned) for the Court of Appeal correctly treats and disposes of the issues involved, and we adopt it as and for the opinion of this court. Such opinion (with appropriate ·deletions and additions as indicated) is as follows:**

*Before Tobriner, Acting C. J., Clark, J., Richardson, J., Sullivan, J.,† Caldecott, J.,‡ and Molinari, J.‡.

**Brackets together, in this manner [], are used to indicate deletions from the opinion of the Court of Appeal; brackets enclosing material (other than the editor's parallel citations) are used, unless otherwise indicated, to denote insertions or additions by this court. (*Estate of McDill* (1975) ·14 Cal.3d 831, 834 [122 Cal.Rptr. 754, 537 P.2d 874].)

†Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.

‡Assigned by the Chairman of the Judicial Council.

The sole issue presented by these appeals is whether section 27428 of the Public Resources Code, a part of the California Coastal Zone Conservation Act of 1972,[1] authorizes the award of attorneys' fees to successful defendants and cross-defendants, as well as to successful plaintiffs and cross-complainants. We have concluded that it does, and that the orders appealed from herein consequently must be affirmed.

Appellant here, Great Lakes Properties, Inc., was named as a defendant in an action brought against it and others by the Portuguese Bend Defense Committee. Great Lakes filed a cross-complaint against numerous public and private entities, including respondents herein. The complaint, with which we are not otherwise involved, sought injunctive relief under the Act (§ 27425). The cross-complaint asked for similar relief, and as well for an award of civil penalties (§§ 27500, 27501) in an amount pleaded to be in excess of $705 million. Respondents' demurrers to the cross-complaint were sustained without leave to amend and the action was dismissed as to each respondent. Thereafter, each respondent moved the court to award attorneys' fees, pursuant to section 27428. The *amount* of the fees sought, as opposed to the power of the court to award them, was stipulated to be reasonable. The court entered separate orders awarding fees to respondent C & M Development Company and to respondent cities, and these appeals followed.

Section 27428 provides: "Any person who prevails in a civil action brought to enjoin a violation of this division [the Act] or to recover civil penalties shall be awarded his costs, including reasonable attorneys fees." The Act itself defines "person" in section 27105: " 'Person' includes any individual, organization, partnership, and corporation, including any utility and any agency of federal, state, and local government." Appellant argues that the word "person" as used in section 27428 refers only to plaintiffs. We disagree.

■ It is axiomatic that in the interpretation of a statute where the language is clear, its plain meaning should be followed. (45 Cal.Jur.2d, Statutes, § 108, p. 621.)

■ " 'One who contends that a provision of an act must not be applied according to the natural or customary purport of its language must show either that some other section of the act expands or restricts

[1]This legislation is hereinafter referred to as the Act. Unless otherwise noted, all statutory references are to the Public Resources Code.

its meaning, that the provision itself is repugnant to the general purview of the act, or that the act considered in pari materia with other acts, or with the legislative history of the subject matter, imports a different meaning.' (2A Sands, Statutes and Statutory Construction (4th ed. of Sutherland, Statutory Construction, 1973) § 46.01, p. 49.)" (*Leroy T.* v. *Workmen's Comp. Appeals Bd.* (1974) 12 Cal.3d 434, at p. 438 [115 Cal.Rptr. 761, 525 P.2d 665].)

■ In support of its argument that "person," as used in section 27428, does not include defendants, appellant claims that the Act uses the word "person" in varying ways depending upon the sections involved. Appellant seizes upon seven sections, two of which we refer to for purposes of illustration. Thus, appellant argues that section 27400 (". . . any person wishing to perform any development within the permit area shall obtain a permit . . .") limits persons to those who wish to proceed with a development within the permit area and who must obtain a permit; appellant also states that section 27425 ("Any person may maintain an action for declaratory and equitable relief to restrain violation of this division. . .") is limited to those who seek to enjoin the developer from proceeding with a development in violation of the Act. The argument is specious. Those sections and the others referred to by appellant in no way limit the broad definition of the word "person" (found in § 27105, *supra*). Rather, they apply that broad definition to the specific situations referred to in the sections in question. "Person" retains the same meaning throughout the Act. We deem the fact the Act itself defines "person" to be of importance. ■ "When a statute prescribes the meaning to be given to particular terms used by it, that meaning is generally binding on the courts." (*People* v. *Western Air Lines, Inc.* (1954) 42 Cal.2d 621, 638 [268 P.2d 723].)

In *Kalico, Inc.* v. *Dooley* (1961) 198 Cal.App.2d 379 [17 Cal.Rptr. 799], a contention identical to that made here was rejected. There a statute provided that the court ". . . shall award to the prevailing party a reasonable attorney's fee . . . ." The argument was that "prevailing party" really meant prevailing claimant and not prevailing defendant. The court held that the language of the section was clear and included defendants as well as plaintiffs.

Appellant purports to find a compelling reason to depart from the clear language of the statute by pointing to the purposes of the Act. It is true that an important consideration in the interpretation of a statute is

the objective or purpose of that statute (e.g., *People* ex rel. *S. F. Bay etc. Com.* v. *Town of Emeryville* (1968) 69 Cal.2d 533, 543, 544 [72 Cal.Rptr. 790, 446 P.2d 790]). In enacting the Act by the initiative process the people set forth a finding (§ 27001) that it is necessary to preserve the natural resources of the California coastline.

Appellant points out that the Act provides that individuals may seek to enforce its provisions by suing for injunctive relief without posting a bond (§ 27425) and by suing for civil penalties (§ 27426). It argues that to interpret section 27428 as allowing attorneys' fees to successful defendants would frustrate the purpose of encouraging private plaintiffs to enforce the Act. The argument is not persuasive. In appellant's own words, the Act ". . . assures those persons who may wish to compel compliance with [it] that they will not be burdened with the substantial financial cost of having to utilize their personal financial resources to finance a lawsuit if they *prevail.*" (Italics added.) But it is inherent in the scheme of things that if private persons suing under the Act do *not* prevail, they will inevitably be financially burdened by their own attorneys' fees and by the investment of their time and efforts in prosecuting the action.

It is purely speculative to urge that the added burden of having to pay an attorneys' fee will deter efforts to enforce the Act. ■ This is particularly true in light of the clear and mandatory nature of the language. Section 27428 says that any person who prevails "shall" be awarded his costs and "shall" is used in a mandatory sense (§ 15). The fact that the Act expresses a policy to encourage the protection of the coastline cannot detract from this clear language.

There are many statutes which allow the recovery of attorneys' fees to successful plaintiffs under varying circumstances and they are phrased in varying ways.[2] Each of the statutes referred to in footnote 2 allows the

[2](E.g., Ins. Code, § 1619 ". . . the court may allow to the plaintiff a reasonable attorney fee . . ."; Code Civ. Proc., § 836 "If the plaintiff recovers judgment, he shall be allowed as costs one hundred dollars ($100) to cover counsel fees . . . . If the action is dismissed or the defendant recovers judgment, he shall be allowed one hundred dollars ($100) to cover counsel fees . . ."; Code Civ. Proc., § 117j [now § 118.1], attorney's fees to be paid by unsuccessful defendant to plaintiff on small claims appeal; Civ. Code, § 1747.60, subd. (c) "The [credit] cardholder shall be entitled to recover reasonable attorney's fees . . ."; Civ. Code, § 1812.62, judgment for buyer [of dance studio lessons] may be entered for treble damages "plus reasonable attorney's fees"; Civ. Code, § 1811.1 (Unruh Act)—"Reasonable attorney's fees and costs shall be awarded to the prevailing party in any action on a contract or installment account subject to the provisions of this chapter regardless of whether such action is instituted by the seller, holder or buyer. Where the

recovery of attorneys' fees to variously described persons under certain circumstances, and each expresses the policy of the State of California in the field in which the statute operates. The Act also expresses the policy of the state, but it clearly shows that in enacting the statute the People did not feel that policy would be thwarted if the victor, be he defendant or plaintiff, is allowed to recover attorneys' fees.

Allowing for attorneys' fees to be paid to any person who prevails in a civil action brought under the Act also serves the purpose of preventing frivolous litigation. No policy embodied in the Act encourages such lawsuits. [3]

The orders appealed from are affirmed.

**TOBRINER, Acting C. J.**—I dissent.

In construing section 27428 as requiring "private attorney general" plaintiffs to pay attorneys fees incurred by successful defendants, the majority ignore the cardinal principle of statutory interpretation, which mandates that statutes be construed to effectuate the legislative purpose underlying the enactment. Although the language of section 27428, read in isolation, is susceptible to the majority's interpretation, it is equally susceptible to the interpretation that attorneys fees are to be awarded only to persons who have brought actions to enforce the act. The statute is not unambiguous. When the ambiguous statutory language is construed in conjunction with the accompanying statutory provisions and with a view to the section's manifest purpose of encouraging private attorney general enforcement actions, it becomes clear that the section should be interpreted as authorizing an attorneys fee award only to persons who successfully prosecute enforcement actions under the 1972 coastal act. In reaching the contrary conclusion, the majority fail to heed Justice Frankfurter's wise admonition that "[s]tatutes . . . are not inert

defendant alleges in his answer that he tendered to the plaintiff the full amount to which he was entitled, and thereupon deposits in the court, for the plaintiff, the amount so tendered, and the allegation is found to be true, then the defendant is deemed to 'be a prevailing party within the meaning of the 'article"; Civ. Code, § 2983.4; the Rees-Levering Motor Vehicle Sales and Finance Act—similar to Civ. Code, § 1811.1.)

[3Section 27428, along with all the other provisions of the 1972 coastal legislation, was repealed effective January 1, 1977, pursuant to a provision of the 1972 legislation which called for the expiration of the act after a five-year period. (See Pub. Resources Code, § 27650.) No party to this action has contended that this repeal has any effect on an attorneys' fee award relating to an action fully litigated to final judgment prior to the section's repeal. We agree that the 1972 legislation contemplated that section 27428 would govern the award of attorneys' fees under these circumstances.]

exercises in literary composition. They are instruments of government, and in construing them 'the general purpose is a more important aid to the meaning than any which grammar or formal logic may lay down.' " (*United States* v. *Shirey* (1959) 359 U.S. 255, 260-261 [3 L.Ed.2d 789, 793-794, 79 S.Ct. 746].)

Analysis of the statutory interpretation issue before us should properly begin, I believe, by placing section 27428 in its proper legislative setting. Section 27428 was adopted as part of the 1972 Coastal Zone Conservation Act initiative, an initiative measure sponsored by a coalition of environmentalist organizations after the state Legislature had repeatedly failed to adopt proposed bills that would have provided for the preparation of a long-range plan to govern development and conservation of California's precious coastal region. (See generally Adams, *Proposition 20—A Citizens' Campaign* (1973) 24 Syracuse L.Rev. 1019.)

In *State of California* v. *Superior Court (Veta)* (1974) 12 Cal.3d 237, 253 [115 Cal.Rptr. 497, 524 P.2d 1281], we briefly summarized the purpose and operation of the 1972 initiative: "The Act declares that the coastal zone is a valuable resource belonging to all of the people, that its permanent protection is a paramount concern to the citizens of the state, and that in order to protect this valuable resource it is necessary to study the coastal zone, prepare a comprehensive plan for its orderly, long-range conservation and management, and insure that any development which occurs in the permit area during the study and planning period will be consistent with the objectives of the Act. [Citation.] . . . Among the objectives of the coastal zone plan are the avoidance of irreversible and irretrievable commitments of coastal zone resources. [Citation.] In order to assure that the purposes of the Act are not impaired during the period in which the plan is in the process of formulation, those who seek to perform any development within the permit area are, with certain exceptions, required to seek a permit from the Commission." (See also *Brown* v. *Superior Court* (1975) 15 Cal.3d 52, 54 [123 Cal.Rptr. 377, 538 P.2d 1137].)

Recognizing that the policing of on-going development and other activities along California's lengthy coastline to ensure compliance with the act was certain to pose substantial problems for the limited staff of public officials charged with that task, the draftsmen of the coastal initiative, taking their cue from similar provisions contained in earlier

federal civil rights and environmental protection legislation,[1] included in the initiative a series of provisions (Pub. Resources Code, §§ 27425-27428) aimed at enlisting the aid of public-minded citizens in the role of "private attorney general," to help in the critically important enforcement effort.[2] Eliminating traditional "standing" restrictions, these sections explicitly authorized "any person" to maintain an action to enjoin a violation of the act or to bring suit on behalf of the state to recover civil penalties under the act. (*Id.,* §§ 27425, 27426.) The sections also specifically suspended the bond requirement normally imposed in injunction actions (*id.,* § 27425), recognizing the need to remove such an economic barrier if citizens and public interest organizations, who would reap no monetary rewards from such actions, were to be encouraged to play a major role in enforcing the act.

Section 27428 was included as one of the provisions in this "private attorney general" segment of the act. The principal purpose for its inclusion is, I think, quite clear. At the time the initiative was drafted, experience with the private attorney general concept had demonstrated that when no potential monetary recovery was available to defray the extensive costs of litigation, private citizens were seriously inhibited from instituting "public interest" actions if they inevitably were required to bear their own attorneys fees. As the United States Supreme Court observed in *Newman* v. *Piggie Park Enterprises* (1968) 390 U.S. 400, 402 [19 L.Ed.2d 1263, 1265-1266, 88 S.Ct. 964]: "If successful plaintiffs were routinely forced to bear their own attorneys' fees, few [private attorneys general] would be in a position to advance the public interest by invoking the injunctive power of the federal courts." (See generally King & Plater, *The Right to Counsel Fees in Public Interest Environmental*

---

[1]See, e.g., Civil Rights Act of 1964, section 204(b), 42 United States Code section 2000a-3(b); Clean Air Act Amendments of 1970, section 304, 42 United States Code section 1857h-2; Marine Protection Research and Sanctuaries Act of 1972, section 105(g), 33 United States Code section 1415(g); Noise Control Act of 1972, section 12, 42 United States Code section 4911.

[2]The importance of the role played by "citizen suits" in protecting the environment was recognized in a 1971 annual report by the United States Council on Environmental Quality: "Perhaps the most striking recent legal development has been the step-up in citizen 'public interest' litigation to halt degradation of the environment. In the face of a history of administrative decisions that ignored environmental impacts and against a tide of legislative delays in developing pollution control law, citizens concluded that they must use the courts to cure the neglect. The citizen litigation has not only challenged specific government and private actions which were environmentally undesirable, it has speeded court definition of what is required of Federal agencies under environmental protection statutes." (U.S. Council on Envir. Quality, 2d. Ann. Rep. (1971) pp. 155-156.)

*Litigation* (1973) 41 Tenn.L.Rev. 27; Note, *Awarding Attorney and Expert Witness Fees in Environmental Litigation* (1973) 58 Cornell L.Rev. 1222.)

To overcome this problem, section 27428 was drafted to guarantee that any person who successfully prosecuted an action either to enjoin a violation of the act or to recover civil penalties (payable to the state) for violation of the act could recover his attorneys fees from the party who was found to have violated the act. The prior cases and numerous academic commentaries that have discussed the question uniformly agree that section 27428's main purpose was "to encourage private plaintiffs to enforce the act." (*Sanders* v. *Pacific Gas and Elec. Co.* (1975) 53 Cal.App.3d 661, 673 [126 Cal.Rptr. 415]; see, e.g., *Klittgaard & Jones* v. *San Diego Coast Regional Com.* (1975) 48 Cal.App.3d 99, 109 [121 Cal.Rptr. 650]; Miller, *Enforcing the Coastal Act—Citizen Suits and Attorney's Fees* (1974) 49 State Bar J. 236, 240-241; Comment, *Coastal Controls in California: Wave of the Future?* (1974) 11 Harv.J.Legis. 463, 476; Note, *Saving the Seashore: Management Planning for the Coastal Zone* (1973) 25 Hastings L.J. 191, 201.)

The majority do not deny that the principal purpose underlying section 27428 was to facilitate "private attorney general" suits, but they reason that in light of the "plain language" of the statute, the trial court's conclusion that the section accords attorneys fees to prevailing defendants as well as to prevailing plaintiffs is irrefutable. The majority emphasize that section 27428 provides simply that "*[a]ny person* who prevails in a court action brought to enjoin a violation of this division or to recover civil penalties shall be awarded his costs, including reasonable attorneys fees" (italics added), and that the 1972 coastal act itself contains a broad definition of the term "person" which does not limit that term to "plaintiffs."[3] Inasmuch as the respondent corporation and cities are clearly "persons" under the act's definitional section, the majority conclude that, read "literally," section 27428 unambiguously authorizes the attorneys fee awards rendered in the instant case.

This conclusion is flawed in a number of respects. First, I cannot agree that the language of section 27428, even when read in isolation, "unambiguously" supports the trial court's conclusion. Although the statutory language is susceptible to the trial court's interpretation, the section's wording is equally susceptible to the interpretation that

---

[3]Section 27105, a provision of the 1972 coastal legislation, provides: " 'Person' includes any individual, organization, partnership and corporation, including any utility and any agency of federal, state and local government."

attorneys fees are to be awarded to "any person who prevails in an action [which he has] brought to enjoin a violation of this division or to recover civil penalties. . . ."

Moreover, our cases have long made clear that a statutory provision cannot be interpreted in a vacuum but must "be construed with reference to the whole system of law of which it is a part . . . ." (*Stafford v. L.A. etc. Retirement Board* (1954) 42 Cal.2d 795, 799 [270 P.2d 12].) When read in conjunction with its accompanying statutory provisions, it becomes clear that section 27428's "plain language" does not indicate a legislative intent to authorize attorneys fees for both plaintiffs and defendants.

Sections 27425, 27426 and 27428, read in sequence, provide: "*Any person* may maintain an action for declaratory and equitable relief to restrain violation of this division. No bond shall be required for an action under this section." (Italics added.) "*Any person* may maintain an action for the recovery of civil penalties provided in Sections 27500 and 27501." (Italics added.) "*Any person* who prevails in a civil action brought to enjoin a violation of this division or to recover civil penalties shall be awarded his costs, including reasonable attorneys fees." (Italics added.)[4] In this context, the "any person" terminology of section 27428 appears clearly to refer to the identical "any person" language of sections 27425 and 27426, i.e., persons who have been granted broad standing rights to institute actions for injunctive relief or for the recovery of statutory penalties. Thus, viewing these related provisions as a whole, I believe that the statutory language of section 27428 supports Great Lakes' contention that the provision was intended to authorize attorneys fees only to plaintiffs who prevail in actions instituted pursuant to sections 27425 and 27426.

In this regard, it is significant that in designating the persons entitled to recover attorneys fees, the draftsmen of section 27428 utilized the "any person" language of sections 27425 and 27426, rather than the phrase "any party" or "prevailing party." Statutes which contemplate the recovery of attorneys fees by prevailing plaintiffs *or* defendants commonly utilize the "prevailing party" terminology (see, e.g., Civ. Code, §§ 1811.1, 2984.4), and if the draftsmen had actually intended to authorize the recovery of attorneys fees by both plaintiffs and defen-

---

[4]Section 27427, the only intervening statutory provision, reads simply: "The provisions of this article shall be in addition to any other remedies available at law."

dants, they would probably have written the statute in such terms. Because section 27428 does not accord attorneys fees to the "prevailing party," the majority's reliance on *Kalico, Inc.* v. *Dooley* (1961) 198 Cal.App.2d 379 [17 Cal.Rptr. 799]—a case construing a statutory provision which specifically utilized such language—is clearly misplaced.[5]

Finally, even if a literal reading of section 27428 supported the trial court's interpretation, respondents' suggestion that the legislative purpose of the provision must give way to such literal reading flies in the face of a cardinal principle of statutory construction long recognized by this court. As we have explained on many occasions: "The fundamental rule of statutory construction is that the court should ascertain the intent of the Legislature so as to effectuate the purpose of the law." (*Select Base Materials* v. *Board of Equal.* (1959) 51 Cal.2d 640, 645 [335 P.2d 672]; *Cal. Toll Bridge Authority* v. *Kuchel* (1952) 40 Cal.2d 43, 53 [251 P.2d 4]; *Dickey* v. *Raisin Proration Zone No. 1* (1944) 24 Cal.2d 796, 802 [151 P.2d 505, 157 A.L.R. 324].) "Once a particular legislative intent has been ascertained, it must be given effect ' "even though it may not be consistent with the strict letter of the statute." ' [Citations omitted] . . . ' "The mere literal construction of a section in a statute ought not to prevail if it is opposed to the intention of the legislature apparent by the statute; and if the words are sufficiently flexible to admit of some other construction it is to be adopted to effectuate that intention. The intent prevails over the letter, and the letter will, if possible, be so read as to conform to the spirit of the act." ' " (*Friends of Mammoth* v. *Board of Supervisors* (1972) 8 Cal.3d 247, 259 [104 Cal.Rptr. 761, 502 P.2d 1049].)

As already explained, considered in light of the general purposes of the 1972 coastal initiative and the related statutory provisions, it is clear that section 27428 was adopted to encourage and to facilitate private citizen enforcement suits under the act. (See, e.g., *Sanders* v. *Pacific Gas*

---

[5]The *Kalico* decision suggests that a statutory provision which provides for the recovery of attorneys fees by prevailing plaintiffs, but denies such recovery by prevailing defendants, would raise serious constitutional questions. (198 Cal.App.2d at p. 382.) In California, however, it has been clear for well over a half-century that such legislative differentiation is constitutionally permissible so long as it is "based upon some difference bearing a reasonable and just relation" to a permissible legislative purpose. (*Engebretson* v. *Gay* (1910) 158 Cal. 30, 32-33 [109 P. 880]; see also *Beyerbach* v. *Juno Oil Co.* (1954) 42 Cal.2d 11, 22 [265 P.2d 1]; *Atchison, Topeka, & Santa Fe R. Co.* v. *Matthews* (1899) 174 U.S. 96 [43 L.Ed. 909, 19 S.Ct. 609].) That standard is clearly met here and neither respondents nor the majority contend that Great Lakes' suggested interpretation of section 27428 would raise any constitutional question.

& *Elec. Co., supra,* 53 Cal.App.3d 661, 673; *Klittgaard & Jones, Inc.* v. *San Diego Coast Regional Com., supra,* 48 Cal.App.3d 99, 109.) As a number of commentators have observed, however, the inevitable consequence of the majority's interpretation would be to deter, and perhaps "effectively eliminate," such private attorney general actions, for private citizens would not only lack any economic incentive to pursue such suits but would face the prospect of a sizeable attorney fee liability—in addition to their own attorneys fee—if they should lose. (See Comment, *Coastal Controls in California: Wave of the Future?* (1974) 11 Harv.J.Legis. 463, 476; Miller, *Enforcing the Coastal Act—Citizens Suits and Attorneys Fees* (1974) 49 State Bar J. 236, 342-343.)[6] Thus, since the majority's interpretation of the statute leads to results clearly at variance with the legislative intent in adopting the section, past cases establish that such an interpretation must be rejected. " 'Certainly the language of a statute should never be so construed as to nullify the will of the legislature, or to cause the law to conflict with the apparent purpose had in view by the lawmakers.' " (*Dickey* v. *Raisin Proration Zone No. 1, supra,* 24 Cal.2d 796, 802; see, e.g., *East Bay Garbage Co.* v. *Washington Township Sanitation Co.* (1959) 52 Cal.2d 708, 713 [344 P.2d 289].)

Accordingly, I believe that the trial court erred in interpreting section 27428 as according respondents a right to an attorneys fee award. I would reverse the trial court orders.

Sullivan, J.,* concurred.

---

[6]Respondents suggest that their proposed interpretation of section 27428 would not undermine the statute's principal purpose, but would merely protect defendants from the threat of frivolous lawsuits. Section 27428, however, does not confine its reach to frivolous actions or grant a trial court discretion to award or withhold attorneys fees, but rather provides that a trial court "shall" award attorneys fees in all situations encompassed by the statute. Accordingly, if respondents' interpretation were adopted, "private attorney general" plaintiffs who act in the highest good faith would inevitably face the ominous prospect of a large attorney fee liability if their claim should ultimately be rejected.

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.