THE PEOPLE.OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* GEORGE J. SAYER, Plaintiff in·Error.

*Opinion filed October 28, 1910.*

1. GAME—*anything tending to restrict killing of game tends to protect it.* The object of the Game law, as expressed in its title, is the protection of game, wild fowl and birds, and any provision of the law which tends to restrict the killing of such game, wild fowl or birds has a reasonable tendency to protect them.

2. SAME—*party cannot hunt on lands of another, regardless of the statute.* Anyone who goes upon the lands of another without permission, either for hunting or any other purpose, is a trespasser, regardless of section 28 of the Game law, and the land owner has an action of trespass against him and may take all lawful means to eject him.

3. CONSTITUTIONAL LAW—*section 28 of the Game law is within the title of the act.* Section 28 of the Game law, making it unlawful for any one to hunt with a dog or gun upon the lands of another without the latter's permission, tends reasonably to restrict the killing of game, wild fowl and birds by hunters who might otherwise assume the right to go upon the lands of others for that purpose, and is within the title of the act.

4. SAME—*what is necessary to render act void under section 13 of article 4 of constitution.* Under section 13 of article 4 of the constitution an act is void as to any subject of legislation con-

tained in the body of the act and not within the general terms of the title, but to accomplish such result the subject of legislation must have no proper connection with or relation to such title.

5. SAME—*an act may have diverse provisions for accomplishing the object expressed in the title.* Section 13 of article 4 of the constitution is not violated even though an act contains diverse provisions for the accomplishment of its object, provided such provisions naturally and reasonably tend to effectuate that object.

6. SAME—*section 28 of Game law not invalid as a special law.* Section 28 of the Game law is not invalid as a special law, prohibited by section 22 of article 4 of the constitution, upon the ground that it gives to the land owner, or one whom he permits to hunt upon his lands, a special privilege not enjoyed by one who does not own the lands; and not only is such section not void for that reason, but any act which would authorize a person to trespass on another's land for his own purposes would be void.

7. SAME—*section 28 of the Game law is not in contravention of the fourteenth amendment to Federal constitution.* Section 28 of the Game law, making it unlawful for a person to hunt with dog or gun upon the lands of another without the latter's consent is not in contravention of the fourteenth amendment to the Federal constitution, either as abridging the rights of citizens or as denying them equal protection of the laws, as the law does not protect persons committing trespasses.

WRIT OF ERROR to the Circuit Court of McHenry county; the Hon. C. H. DONNELLY, Judge, presiding.

STEIN, MAYER & STEIN, (HARRY M. ROSENBLUM, of counsel,) for plaintiff in error.

W. H. STEAD, Attorney General, DAVID R. JOSLYN, State's Attorney, and CHARLES E. WOODWARD, (E. H. WAITE, of counsel,) for the People.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Upon a trial before a police magistrate in McHenry county, the plaintiff in error, George J. Sayer, was found guilty of unlawfully hunting with a gun on the lands of

Charles C. Colby without first obtaining permission so to do and was fined $10 and costs. Upon appeal to the circuit court of said county, a jury having been waived, the cause was tried by the court, and the defendant submitted the following proposition to be held as the law: "The court holds, as a matter of law, that section 28 of chapter 61 of the Revised Statutes of the State of Illinois is unconstitutional and void." The court refused to hold the proposition to be the law and found the defendant guilty and fined him $15 and costs. The record has been certified to this court as a return to a writ of error, and it is assigned for error on the record that the court refused to hold said proposition.

The title of the act under which the defendant was prosecuted is "An act for the protection of game, wild fowl and birds and to repeal certain acts relating thereto." Section 28 makes it unlawful for any person to hunt with a gun or dog upon the grounds or lands of another without permission of the owner, agent or occupant, and the first ground upon which this section is claimed to be void is that it conflicts with section 13 of article 4 of the constitution, which provides that no act shall embrace more than one subject, which shall be expressed in the title. Under that provision an act is void as to any subject of legislation contained in the body of the act and not within the general terms of the title. The attempted application of the provision to section 28 is founded on the theory that the section merely declares unlawful a trespass upon the private grounds of another and the next two sections impose penalties for such trespass, and that the sections have no rational connection with the purpose of the act declared in the title. The general rules to be applied in determining a question of that character have been frequently declared, and, in brief, they are as follows: The provision of the constitution is to be construed liberally in favor of the validity of enactments, and although an act may have many

diverse provisions for the accomplishment of the object expressed in the title, if they naturally and reasonably tend to effectuate that object they do not infringe the constitutional provision. Any means reasonably adapted to accomplish the purpose indicated by the title may be properly included in the act, and to render any provision void because not expressed in the title it must have no proper connection with or relation to such title. If all the provisions of an act relate to the same subject which is indicated in the title and are parts of it or incident to it, or reasonably connected with or auxiliary to the object expressed in the title, the provision of the constitution is obeyed. (*Blake* v. *People,* 109 Ill. 504; *Larned* v. *Tiernan,* 110 id. 173; *Hudnall* v. *Ham,* 172 id. 76; *People* v. *Nelson,* 133 id. 565; *Christy* v. *Elliott,* 216 id. 31; *People* v. *McBride,* 234 id. 146.) The object of the act in question, as declared in the title, is the protection of game, wild fowl and birds, and necessarily the provisions of the act are restrictive and prohibitive. In furtherance of that object the act prohibits absolutely the taking or killing of certain kinds of game, provides for open and closed seasons for various kinds, specifies the conditions under which certain kinds may be killed or captured, prohibits the destroying of nests of certain game birds or selling or having in possession their eggs, subjects to a penalty one who sells or has in possession for sale certain kinds of game and makes it a misdemeanor to receive for transportation game protected by the act. It provides for a license fee for hunting and a forfeiture of the license for violation of the law, and exempts the owners of farm lands, their children or tenants, from the requirement of procuring license, and this exemption was regarded as valid in *Cummings* v. *People,* 211 Ill. 392. So far as trespasses on the lands of others are concerned, the act adds nothing to the rights of such owners, for if the act had never been passed no person would have a right to trespass on the lands of another, either for hunting or

any other purpose, or go on them without the consent of the owner. Regardless of this act a land owner has his action of trespass and may take all lawful means to eject anyone trespassing upon his premises. The prohibition is not against a mere trespass upon the lands of another, but against hunting without the consent of the owner, and it merely adds another restriction to those contained in the act. That it is restrictive in its nature and has a natural tendency to lessen the hunting and killing of game, wild fowl and birds is beyond reasonable doubt, and anything which tends to restrict killing has a reasonable tendency to protect the game, wild fowl and birds that otherwise would be hunted and killed. It is to the interest of owners of lands to prevent hunting thereon on account of danger to live stock and other injuries likely to result, and their assistance is a material aid in the protection of game, which finds a safe retreat upon their lands. It cannot be doubted that the provision tends to lessen the number of hunters, capable and incapable, experienced and inexperienced, who without the provision would assume the right, under their licenses, to overrun the lands of others, killing and destroying all game, wild fowl and birds. The primary purpose of the provision is to protect game, and having a natural tendency to effect that object it is not void as not being within the title.

Other grounds upon which it is argued that section 28 is unconstitutional are, that it violates section 22 of article 4 of the constitution, prohibiting local and special laws, and also violates section 1 of the all-embracing fourteenth amendment to the constitution of the United States, as an abridgment of the privileges and immunities of citizens of the United States and a denial of the equal protection of the laws. The argument that it violates section 22 of article 4 of our constitution is that it is special legislation, giving to the owner of lands, or one whom he permits to

hunt upon his lands, a special or exclusive privilege not enjoyed by one who does not own the lands. It is contended that an act which authorizes the owner of lands to enjoy and exercise rights upon his lands not enjoyed or exercised by those who have no right or title to the land violates the constitutional prohibition against discrimination in favor of particular persons of the same class. Not only is the section in question not void for that reason, but any act that would' authorize a trespass by a private person, for his own purposes, upon lands owned by another, would be in conflict with the plainest provisions of the constitution and fundamental rights of property and would be void.

Finally, it is contended that the section is in conflict with the fourteenth amendment to the Federal constitution, which always appears at some stage of every case in which a party feels that he is hampered by the law in doing what he pleases, regardless of the rights of others, and, however it may tax patience, the argument must be considered. No one has a privilege or immunity to trespass upon the lands of others for any purpose, and no rational person finding a stranger with dog or gun upon his lawn, in his dooryard or on his premises, hunting or shooting birds or game and claiming the privilege of doing so as a citizen of the United States, would have any difficulty in solving the question whether the claim was sound or hesitate to use all necessary force to eject the intruder. Neither is a requirement that one shall not hunt upon the lands of another without permission of the owner a denial of the equal protection of the laws, since the law does not protect any one in committing such trespasses.

The judgment is affirmed.   *Judgment affirmed.*