GEORGE W. RIGGS, Defendant in Error, *vs.* J. ELLIOTT
JENNINGS, Plaintiff in Error.

*Opinion filed February 25, 1911.*

1. CONSTITUTIONAL LAW—*provision as to titles of acts should be construed liberally.* Section 13 of article 4 of the constitution, concerning the titles of acts, should be construed liberally in favor of the validity of a statute, and if all the provisions of an act relate to the subject of legislation expressed in the title, and are parts of it, incident to it or reasonably connected with it, said section is complied with.

2. SAME—*details of the legislation need not be mentioned in title of act.* The object of the title of an act is to give information as to the subject of the legislation with which the act deals, but the particulars or details of the legislation are to be found in the act itself and need not be mentioned in the title.

3. SAME—*Municipal Court act not invalid because the creation of the court is not mentioned in the title.* The Municipal Court act is not invalid because the creation of the court is not mentioned in its title, as the title covers everything relating to the creation, organization and procedure of the court; and it cannot be assumed, as against the knowledge of the legislature and the courts to the contrary, that the act was intended to apply to a municipal court already in existence.

WRIT OF ERROR to the Municipal Court of Chicago; the Hon. McKENZIE CLELAND, Judge, presiding.

HENRY W. LEMAN, and FRANK H. CULVER, for plaintiff in error.

O'BRYAN & MARSHALL, for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

This writ of error is prosecuted to reverse a judgment of the municipal court of Chicago, and the only error assigned is that the Municipal Court act is unconstitutional because the creation of a court is not mentioned in the title.

Section 13 of article 4 of the constitution provides that no act shall embrace more than one subject, which shall be

expressed in the title. The title of the Municipal Court act is, "An act in relation to a municipal court in the city of Chicago." The subject of legislation is a municipal court in the city of Chicago. If all of the provisions of the act relate to that subject and are parts of it, incident to it or reasonably connected with it, the provision of the constitution, which is to be construed liberally in favor of the validity of the enactment, is complied with. (*People* v. *Sayer,* 246 Ill. 382; *People* v. *McBride,* 234 id. 146; *Lang* v. *Friesenecker,* 213 id. 598; *Arms* v. *Ayer,* 192 id. 601; *People* v. *Nelson,* 133 id. 565.) The object of the title is to inform as to the subject of legislation with which the act deals, but the particulars of the legislation are to be found in the act and not in the title. The title of this act covers everything in relation to the creation, organization, jurisdiction and procedure of the municipal court, and it is not necessary that it should mention the details of the legislation dealing with the various subdivisions of the subject.

It is insisted, however, that the title assumes that there is a court in existence to which the act can relate, and indicates an intention only to regulate proceedings in such court and not an intention to create a court. Courts and legislatures are supposed to know what courts exist in the State. Before the passage of this act there was no municipal court in the city of Chicago. An act in relation to such a court could not, therefore, refer to any court then in existence or to any court other than one created by the act itself. No other impression could be conveyed by such a title than that the act would create such a court.

We have held various details of this act in conflict with other provisions of the constitution, and in *City of Chicago* v. *Reeves,* 220 Ill. 274, we held the act, in its main features, valid. The objection now urged was not made in that case, and we now hold it unavailing.

The judgment is affirmed.

*Judgment affirmed.*