The City of Chicago, a Municipal Corporation, Plaintiff-Appellee, v. Lowell J. Myers, Defendant-Appellant.

Gen. No. 51,257.

First District, Second Division.

May 14, 1968.

Lowell J. Myers, pro se, of Chicago, appellant.

Raymond F. Simon, Corporation Counsel, of Chicago (Marvin E. Aspen, Sydney R. Drebin, and Marsile J. Hughes, Assistant Corporation Counsel, of counsel), for appellee.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

The record shows that on January 9, 1966, a complaint was filed charging that on January 7, 1966 one "Myers" did park a Chrysler automobile bearing state license No. 743–980 on a public highway in a "No Parking At Anytime" zone. On February 1, 1966, Mr. Lowell J. Myers, who is a Chicago lawyer, entered his appearance as the defendant. He entered a plea of "not guilty" and waived a jury trial. No evidence was introduced. The defendant said "I am willing to stipulate that the police officer will testify that he found an automobile with state license No. 743–980 on Friday, January 7, 1966, at 10:00 p. m., parked in front of 1038 North Shore Avenue. . . ." The stipulation was accepted. The defendant stated to the court that the City "has not proven the necessary elements of its case." The court said that the stipulation established the violation and entered a judgment assessing a fine of $5 against the defendant. He appealed.

Subsequent to the filing of the Notice of Appeal, the City succeeded in having an order entered in the trial court vacating the judgment and dismissing the charge against the defendant for want of prosecution. There-

after this court granted a motion of the City to dismiss the appeal on the ground that there was no controversy between the parties. On appeal by Mr. Myers, the Supreme Court said (37 Ill2d 470, 473, 227 NE2d 760), "Here, it is not disputed that the defendant properly filed a notice of appeal on February 10, 1966. The trial court was without jurisdiction when on February 24, 1966, it sought to vacate its order of February 1, 1966. The appellate court erred in dismissing the appeal. The judgment of the Appellate Court for the First District is reversed and the cause is remanded to such court for proceedings in conformity with this opinion."

The City asks us to dismiss the appeal on the ground that this is a "fictitious case." Plaintiff asserts that Mr. Myer's "tactics of volunteering himself as a defendant and in falsely claiming the privilege against self-incrimination render the case at bar a fictitious suit, a suit which is not based upon a controversy between the City and Myers." The Supreme Court decided that the appeal should not be dismissed. The record shows that Lowell J. Myers was a defendant in the parking violation charge, that he entered his appearance therein, and that on a trial based on a stipulation the court found him guilty and fined him. On this record we cannot say that it is a fictitious case. The trial court, the City and the defendant recognized that Mr. Myers was on trial charged with a violation of the parking ordinance. The contention of the City that the appeal should be dismissed because the case is a fictitious one is without merit.

There was no evidence. The stipulation which the court accepted as the basis for the judgment stated that if the officer were present he would testify that he found an automobile, state license 743-980 on Friday, January 7, 1966, at 10:00 p. m., parked in front of 1038 North Shore Avenue. This stipulation of the testimony does not prove the charge that the defendant parked or owned the auto-

mobile with the specified license number. The City failed to prove the charge in the complaint. Therefore the judgment is reversed.

Judgment reversed.

McNAMARA and LYONS, JJ., concur.