THE VILLAGE OF EVERGREEN PARK, Plaintiff-Appellee, *v.* WILLIAM RUSSELL, Defendant-Appellant.

First District (1st Division)    No. 80-2060

Opinion filed December 21, 1981.

Halprin, Halprin & Cantor, Ltd., of Chicago, for appellant.

Vincent Cainkar, of Louis F. Cainkar, Ltd., of Chicago, for appellee.

JUSTICE O'CONNOR delivered the opinion of the court:

Defendant William Russell was found guilty in a bench trial of two parking violations in the Village of Evergreen Park. He appeals, contending that (1) the ordinance under which he was convicted was unconstitutional and (2) the village failed to prove a *prima facie* case. We affirm.

On March 2, 1980, Village police officer Peter DeLegge issued a parking ticket complaint to William Russell, of 2618 West 96th Place, Evergreen Park, for illegally parking after 10 p.m. on the street at that address a recreational vehicle, license number 84129RV, in violation of section 20—137 of the local ordinance. On April 30, 1980, he issued another complaint to defendant of that address for parking in the 2600

block of 96th Place a prohibited vehicle after 10 p.m., in violation of the same section of the ordinance.

In court, defendant moved in writing that the court declare unconstitutional Village Ordinance 24—1979, of which section 20—137 was a part, and that the court stay enforcement of the ordinance until the determination of its constitutionality. Both motions were denied.

The Village Ordinance provides:

> "*Section 20—137. Parking Prohibitions and Length of Time.* It shall be unlawful to park any pickup camper with caps that exceed 6″ above the cab roof, vans that exceed manufacturers' height, motor homes, mobile homes, trailer, boat trailers, tractors, buses, trucks whose gross carrying weight exceed 3/4 ton and all vehicles of the 1st or 2nd division as defined by Illinois Revised Statutes, Chapter 95½ commonly identified as the 'Vehicle Code' when such vehicles are equipped with an attached snowplow, on any street, alley or parkway between the hours of 10:00 p.m. and 7:00 a.m. These regulations shall be in addition to any further enumerated restrictions on parking as identified in this article of this chapter.
>
> It shall be understood, however, that permission may be granted for a maximum 48 hour stay of one unoccupied mobile home or motor home per family which may be parked on a residential street provided said permit shall be obtained for the said stay by the owner thereof from the Police Department in advance of the parking of said mobile home or motor home and that said permit shall be displayed in the front windshield of said mobile home or motor home. In addition thereto, permission may be granted for the parking of said motor home or mobile home no more than twice in any 12 month period."

At the trial, Officer DeLegge testified that he issued the two parking tickets. He did not state what subsection, if any, the vehicle had violated. Over objection by defendant, he testified that he called Central Records to find out who was the owner of the recreational vehicle with the license number stated on the tickets and was informed it was the Russells. The officer did not testify that he saw either Mr. or Mrs. Russell park the vehicle nor did he present a certified copy from the Secretary of State's office as to the ownership of the vehicle with that license number.

Defendant rested after his motion for a directed finding was denied. Defendant was fined $25 and $10 court costs on the first ticket and $10 and no court costs on the second. The court denied defendant's motion for a new trial which reiterated the points raised in his motion for a directed finding: (1) the parking tickets failed to apprise defendant of what, if any, aspect of the ordinance was violated, (2) the ordinance was

unconstitutional and was vague, and (3) the village failed to prove its cause of action.

Defendant's claim of unconstitutionality makes even more pertinent today, with its proliferation of litigation, the observation made by the Supreme Court of Illinois 71 years ago in *People v. Sayer* (1910), 246 Ill. 382, 387, 92 N.E. 900:

> "Finally, it is contended that the section is in conflict with the fourteenth amendment to the Federal constitution, which always appears at some stage of every case in which a party feels that he is hampered by the law in doing what he pleases, regardless of the rights of others, and, however it may tax patience, the argument must be considered."

An ordinance banning overnight parking between 2:30 a.m. and 6 a.m. is a reasonable exercise of a municipality's police power and is constitutional; it serves a public purpose. *Village of Oak Park v. Flanagan* (1975), 35 Ill. App. 3d 6, 341 N.E.2d 16.

■■ Defendant's argument that, because the ordinance is not divided into various subsections and classes, a parking ticket referring to merely section 20—137 is so vague that a defendant cannot prepare a defense is without merit. Defendant points to the fact that the State licenses recreational vehicles without differentiation between types. The Illinois Vehicle Code (Ill. Rev. Stat. 1979, ch. 95½, pars. 1-100 *et seq.*) defines a recreational vehicle (par. 1—169):

> "§1—169. Recreational vehicle. Every camping trailer, motor home, mini motor home, travel trailer, truck camper or van camper used primarily for recreational purposes and not used commercially"

and a motor home, mini motor home or van camper (par. 1—145.01):

> "§1—145.01. Motor home, mini motor home or van camper. A self-contained motor vehicle, not used commercially, designed or permanently converted to provide living quarters for recreational, camping or travel use, with direct walk through access to the living quarters from the driver's seat."

Section 20—137 of the ordinance explicitly prohibits the parking between 10 p.m. and 7 a.m. of motor homes. Clearly a recreational vehicle, such as a Winnebago, falls within the term "motor homes." Neither the ordinance nor the parking tickets are vague and therefore unconstitutional.

■■ Defendant contends that the village did not prove a *prima facie* case of violation because the officer did not testify as to which part of the section was violated. We disagree. It is conceded that the officer issued the parking tickets to a recreational vehicle. As shown above, that vehicle comes within the term "motor home." This constituted *prima facie* proof of a violation.

Defendant's additional argument that the village did not prove a *prima facie* case because it did not prove ownership of the vehicle in him is likewise meritless. The Village Ordinance provides:

"Sec. 20—143. Same—Owner of vehicle responsible.

"Whenever any vehicle shall have been parked in violation of any provisions of this article prohibiting or restricting parking, the person in whose name such vehicle is registered shall be prima facie responsible for such violation and subject to penalty therefor."

In *City of Chicago v. Hertz Commercial Leasing Corp.* (1978), 71 Ill. 2d 333, 375 N.E.2d 1285, *cert. denied* (1978), 439 U.S. 929, 58 L. Ed. 2d 322, 99 S. Ct. 315, the court defined *"prima facie"* in an ordinance making the person in whose name a vehicle parked in violation of the city ordinance *"prima facie* responsible for such violation." (71 Ill. 2d 333, 341.) It said (71 Ill. 2d 333, 340-41):

"In its statutory context, the words *'prima facie'* mean that the City has established its case against the registered owner by proving (1) the existence of an illegally parked vehicle, and (2) registration of that vehicle in the name of the defendant. Such proof constitutes a *prima facie* case against the defendant owner. There is no indication in the ordinance that the owner, to be presumed responsible for the violation, must be presumed to have been the person who parked the vehicle. In practice, the defendant, to absolve himself of responsibility, may show that the vehicle was not parked illegally or that he was not the registered owner of the vehicle at the time of the alleged violation. The defenses are limited, but the plain meaning of the ordinance admits of no more"

and (71 Ill. 2d 333, 347):

"The two elements of the substantive offense are rebuttable by a showing that a violation was not committed or that the defendant was not the owner at the time of the violation. The constitutional requirement of procedural due process is satisfied because the defendant is not precluded from rebutting either element of the substantive offense."

Thus, the presumption created by section 20—143 of the ordinance does not shift the burden of proof to the defendant, but operates to shift the burden of going forward and introducing evidence to meet the presumption. If evidence is introduced which is contrary to the presumption, the presumption ceases to operate. *McElroy v. Force* (1967), 38 Ill. 2d 528, 532-33, 232 N.E.2d 708.

Defendant did not introduce any evidence, as required by *Hertz*, to rebut either the commission of a violation or that he was not the owner of the vehicle. It is conceded that the officer issued tickets to a recreational

vehicle which was parked on the street during the prohibited hours. Because, as shown above, that vehicle comes within the term "motor home," this was *prima facie* proof of a violation. Defendant concedes that the officer's radio call to Central Records to ascertain ownership was sufficient to tell who the alleged owner was at the time he wrote the parking tickets, but claims that it was insufficient proof of ownership at trial, even though defendant did not contest ownership.

■■ To the contrary, we hold that the testimony of the officer concerning his radio check as to ownership was sufficient to make out a *prima facie* case. To require a municipal authority to secure a certificate of ownership from the Secretary of State in every case involving a parking ticket would be a useless, inconvenient and almost impossible burden, not only on the municipality, but also on the Secretary of State's office and the courts of the State. (See *City of Chicago v. Crane* (1943), 319 Ill. App. 623, 631, 49 N.E.2d 802.) Only when ownership is contested would one be necessary.

The cases relied on by defendant are not in point: *City of Chicago v. Myers* (1968), 95 Ill. App. 2d 443, 237 N.E.2d 866, is readily distinguishable. There, the only evidence was that the officer would testify, if present, that he found an automobile, State license No. 743-980, on Friday, January 7, 1966, at 10 p.m., parked in front of 1038 North Shore Avenue. There was no evidence, as here, that a radio check with Central Records disclosed the ownership of the vehicle. *People v. Manikas* (1969), 106 Ill. App. 2d 315, 246 N.E.2d 142, *appeal denied* (1969), 41 Ill. 2d 582, was concerned, not with a parking violation, but with a conviction for driving after defendant's driver's license had been revoked. The court merely held that a certified copy of the record of the Secretary of State showing the status of his license was admissible and sufficient to prove a violation. It did not hold that the introduction of that record was the only way a violation could be proved.

The convictions and fines are affirmed.

Affirmed.

CAMPBELL, P. J., and GOLDBERG, J., concur.