[No. B060512. Second Dist., Div. Five. Oct. 16, 1991.]

THE PEOPLE, Plaintiff and Respondent, v.
DEAN R. GARTH, Defendant and Appellant.

**COUNSEL**

Dean R. Garth, in pro. per., for Defendant and Appellant.

Carol W. Lynch, City Attorney, Ira Reiner, District Attorney, Donald J. Kaplan and Robert W. Carney, Deputy District Attorneys, Richards, Watson & Gershon, Carol W. Lynch and Michele Beal Bagneris for Plaintiff and Respondent.

## OPINION

### BOREN, J.—

#### FACTS

Appellant received a parking ticket for parking his unhooked boat trailer on a street in the City of Rancho Palos Verdes (the City), in violation of Rancho Palos Verdes Municipal Code section 10.04.010 (the ordinance).[1] After a court trial, appellant was ordered to pay a fine of $10, plus court costs and penalty assessment, for a total of $28.

On appeal, appellant contends, as he did at trial, that the ordinance is preempted by, and inconsistent with, state law. We affirm.

#### DISCUSSION

■ Appellant correctly contends that the field of traffic control, including vehicular parking regulations, is preempted by state law. "The state's plenary power and its preemption of the entire field of traffic control are stated in Vehicle Code section 21: 'Except as otherwise expressly provided, the provisions of this code are applicable and uniform throughout the state and in all counties and municipalities therein, and no local authority shall enact or enforce any ordinance on the matters covered by this code unless expressly authorized therein.' Thus, unless 'expressly provided' by the Legislature, a city has no authority over vehicular traffic control." (*Rumford* v. *City of Berkeley* (1982) 31 Cal.3d 545, 550 [183 Cal.Rptr. 73, 645 P.2d 124], citations and italics omitted.)

■ However, the Legislature has delegated to local governments the authority to regulate vehicular parking within their jurisdictions. Pertinent here is Vehicle Code section 22507, which provides in relevant part: "Local authorities may, by ordinance or resolution, prohibit or restrict the stopping, parking, or standing of vehicles,[2] including, but not limited to, vehicles

---

[1]Section 10.04.010 is essentially the same as and incorporates by reference Los Angeles County Code section 15.64.100, which provides: "A.  A person shall not park any trailer or semitrailer upon any highway, street, alley, public way or public place unless the trailer or semitrailer is at all times while so parked attached to a vehicle capable of moving the trailer or semitrailer in a normal manner upon the highway, street, alley, public way or public place. [¶] B. This section shall not apply to trailers or semitrailers in the process of being loaded or unloaded, nor shall it apply to any trailer or semitrailer which is disabled in such a manner and to such an extent that it is impossible to avoid stopping and temporarily leaving the disabled trailer or semitrailer on that portion of the highway, street, alley, public way or public place ordinarily used for vehicular parking."

[2]Appellant's boat trailer is a "vehicle" within the meaning of the Vehicle Code. Section 670 of that code defines "vehicle" as a "device by which any person or property may be propelled,

which are six feet or more in height (including any load thereon) within 100 feet of any intersection, on certain streets or highways, or portions thereof, during all or certain hours of the day. . . ." Appellant interprets section 22507 to mean that local governments do not have the authority to discriminate against a specific category of vehicle in passing or enforcing parking ordinances, except those which are (a) six feet or more in height, and (b) parked within one hundred feet of an intersection.

Appellant relies on an opinion of the Attorney General which concludes that because the Legislature did not modify the word "vehicles" (e.g., by preceding it with the word "certain"), it did not intend to give local authorities the discretion to "discriminate against" a particular class of vehicle covered by the ordinance, with the exception of those specifically enumerated. In other words, "[a]ny parking restrictions that a local authority would choose to impose would have to apply to all vehicles or none." (73 Ops.Cal.Atty.Gen. 13, 19 (1990).)

■ Although opinions of the Attorney General are entitled to great weight, they are not binding (*California Assn. of Psychology Providers* v. *Rank* (1990) 51 Cal.3d 1, 17 [270 Cal.Rptr. 796, 793 P.2d 2]), and we do not find the Attorney General's conclusion in this one persuasive. ■ In our view, the Legislature did not intend to restrict local governments in the manner suggested by appellant. "It is axiomatic that in the interpretation of a statute where the language is clear, its plain meaning should be followed." (*Great Lakes Properties, Inc.* v. *City of El Segundo* (1977) 19 Cal.3d 152, 155 [137 Cal.Rptr. 154, 561 P.2d 244].)

Vehicle Code section 22507 gives local governments the authority to regulate the parking of vehicles on streets within their jurisdictions. The section was amended in 1984 to include the reference to vehicles that are more than six feet in height, parked within one hundred feet of an intersection. The phrase "including, but not limited to," was added in 1985. The Attorney General concludes that the addition of this phrase gave local governments the authority to prohibit the parking of any vehicle, including one over six feet in height, which was parked within one hundred feet of an intersection. (73 Ops.Cal.Atty.Gen., *supra*, at p. 23.) However, such an interpretation renders meaningless the general grant of authority provided in the first part of section 22507. In our view, the more logical construction of section 22507 is that local authorities may prohibit or restrict the stopping, parking or standing of *any* type of vehicle on certain streets or highways, or

moved, or drawn upon a highway . . . ." Appellant concedes his boat trailer is a "semitrailer," defined in the Vehicle Code as a "vehicle designed for carrying persons or property, used in conjunction with a motor vehicle, and so constructed that some part of its weight and that of its load rests upon, or is carried by, another vehicle." (Veh. Code, § 550.)

portions thereof, during all or certain hours of the day, including, but not limited to, vehicles of a certain size parked within 100 feet of an intersection. Since appellant's boat trailer is a "vehicle" (see fn. 2, *ante*), the City may, under the authority of section 22507, restrict when and where the trailer may be parked.

## CONCLUSION

The ordinance is not inconsistent with the California Vehicle Code. Further, the ordinance is rationally related to the legitimate government purpose of promoting traffic safety by requiring parked trailers and semitrailers to be attached to motor vehicles, thus preventing the trailers from traveling unguided on city streets and promoting easier removal in emergencies.

## DISPOSITION

Appellant's conviction is affirmed.

Turner, P. J., and Ashby, J., concurred.

Appellant's petition for review by the Supreme Court was denied January 16, 1992.