[No. B169316. Second Dist., Div. Six. June 28, 2004.]

HOMES ON WHEELS et. al., Plaintiffs and Appellants, v.
CITY OF SANTA BARBARA et. al., Defendants and Respondents.

COUNSEL

Glen Mowrer, Joseph D. Allen and Alison Minet Adams for Plaintiffs and Appellants.

Stephen P. Wiley, City Attorney, Michelle Montez, Assistant City Attorney, for Defendants and Respondents.

OPINION

GILBERT, P. J.—A city ordinance prohibits parking of trailers, semis, recreational vehicles, buses, and vehicles exceeding a 3/4-ton capacity between 2:00 a.m. and 6:00 a.m. The city posts notice of this prohibition at 33 locations in the city. We conclude the ordinance is not preempted by Vehicle Code section 22507 which permits local authorities to restrict parking within the city.[1] The city however, did not comply with section 22507 because it did not give adequate notice of the parking restriction.

Plaintiffs Homes on Wheels, William Warren Bedal, Linda K. Turner and Rogelio Trujillo (collectively Homes) appeal the denial of their request for a preliminary injunction against the City of Santa Barbara (City) and Cam Sanchez, Chief of Police, to enjoin the enforcement of a City parking ordinance. We affirm in part and reverse in part.

FACTS

The City passed Ordinance No. 5263 (the ordinance), which states in part:

---

[1] All statutory references are to the Vehicle Code. Section 22507 states: "(a) Local authorities may, by ordinance or resolution, prohibit or restrict the stopping, parking, or standing of vehicles, including, but not limited to, vehicles that are six feet or more in height (including any load thereon) within 100 feet of any intersection, on certain streets or highways, or portions thereof, during all or certain hours of the day. The ordinance or resolution may include a designation of certain streets upon which preferential parking privileges are given to residents and merchants adjacent to the streets for their use and the use of their guests, under which the residents and merchants may be issued a permit or permits that exempt them from the prohibition or restriction of the ordinance or resolution. With the exception of alleys, the ordinance or resolution shall not apply until signs or markings giving adequate notice thereof have been placed. A local ordinance or resolution adopted pursuant to this section may contain provisions that are reasonable and necessary to ensure the effectiveness of a preferential parking program. [¶] (b) An ordinance or resolution adopted under this section may also authorize preferential parking permits for members of organizations, professions, or other designated groups, including, but not limited to, school personnel, to park on specified streets if the local authority determines that the use of the permits will not adversely affect parking conditions for residents and merchants in the area."

"A. STREET PARKING. No person shall park or stand or permit to remain for a longer period than two (2) hours on any street or highway or public alley or on a parkway area between curb and sidewalk any of the following vehicles:

"1. Any trailer (whether attached to another vehicle or separate);

"2. Semi-trailer;

"3. Mobilehome;

"4. Bus (as defined in the California Vehicle Code); and

"5. Any recreational vehicle or temporary recreational vehicle (as those terms are defined in Section 15.16.060 of this Code);

"B. OVERNIGHT PARKING. No person shall park or stand or permit to stand any trailer (whether attached to another vehicle or separate, semi-trailer, mobilehome or bus (all as defined in the California Vehicle Code)[)]; or any recreational vehicle or temporary recreational vehicle (as those terms are defined in Section 15.16.060 of this Code) or any vehicle which is capable of greater than 1500 pounds (3/4 ton) cargo capacity on any city street between the hours of two (2:00) a.m. and six (6:00) a.m. of any day.

"C. EXCEPTION. This section shall not apply to a commercial truck . . . ."

Homes filed a complaint for injunctive, declaratory and mandamus relief challenging the ordinance on statutory and constitutional grounds. Homes alleged: Homes on Wheels helps homeless people who live in recreational vehicles who are adversely impacted by the ordinance. Trujillo owns a truck exceeding the 3/4-ton limit and must park it on the street because "there is no off-street parking . . . ." Bedal lives in homeless shelters and must park his van on the street because "he has insufficient income to afford paid off-street parking . . . ."

Homes moved for a preliminary injunction based in part on records of City Council hearings about the ordinance. The records showed that the City was concerned about problems caused by people living in recreational vehicles on the streets. These included the substandard living conditions, "[l]arge quantities of trash," and sewage "left in cans or boxes" by people living in these vehicles.

The City alleged in its opposition that the ordinance did not discriminate but "applies to all persons who own or possess certain kinds of vehicles." It

included a declaration by Tulson Clifford, a City Supervising Transportation Engineer, who said he "developed" a no parking sign for the ordinance. The sign said, "No Parking Trailers, Semis, Buses, Rv's or Vehicles Over 3/4 Ton Capacity Over 2 Hours or from 2 am to 6 am SBMC 10.44.200 A & B Violator subject to fine and/ or tow-away . . . ." Clifford said he prepared a map "that identifies 33 locations in the City . . . where the Signs are to be installed." He did not explain why he selected that number of locations or those sites.

At the preliminary injunction hearing, the City Attorney stated, "[O]ur office participated in the decision as to where to place those signs" based on "where one would enter the city." But he said there were some streets that "go from the county into the city" that were not posted.

The court denied the preliminary injunction. It said Homes did not demonstrate "a reasonable likelihood of prevailing on their claim that Ordinance [No.] 5263 exceeds the authority granted to the City by Vehicle Code §§ 22507 and 22507.5, or that it violates their personal constitutional rights." It also found that the City "complied with the sign posting requirements of . . . Vehicle Code Section 22507 . . . ."

## DISCUSSION

In the trial court, Homes raised constitutional challenges and claimed the ordinance targeted the homeless population "to banish them from the City." (See, e.g., *Parr v. Municipal Court* (1971) 3 Cal.3d 861, 865 [92 Cal.Rptr. 153, 479 P.2d 353] [ordinance with "facially neutral" language was unconstitutional because city enacted it to exclude "hippies" from the city].) But we do not reach those issues as Homes does not raise them on this appeal and they claim those issues "are fact based and subject to proof at trial." Here they only raise a facial challenge to the ordinance based on state preemption.

### I. *Preemption*

Homes contends that the ordinance which restricts parking is invalid and preempted by state law because the City exceeded its authority under section 22507. We disagree.

"[U]nless 'expressly provided' by the Legislature, a city has no authority over vehicular traffic control. [Citations.]" (*Rumford v. City of Berkeley* (1982) 31 Cal.3d 545, 550 [183 Cal.Rptr. 73, 645 P.2d 124].) But "the Legislature has delegated to local governments the authority to regulate vehicular parking within their jurisdictions." (*People v. Garth* (1991) 234 Cal.App.3d 1797, 1799 [286 Cal.Rptr. 451].) It did this by enacting section

22507. (*Garth, supra,* at p. 1800.) It states, in relevant part: "Local authorities may, by ordinance or resolution, prohibit or restrict the stopping, parking, or standing of vehicles, including, but not limited to, vehicles that are six feet or more in height (including any load thereon) within 100 feet of any intersection, on certain streets or highways, or portions thereof, during all or certain hours of the day. . . ." (§ 22507, subd. (a).)

Homes contends that under section 22507, the City "may not selectively prohibit parking between [2:00 a.m. and 6:00 a.m.]." They note that the ordinance restricts trailers, semis, buses, recreational vehicles and vehicles over 3/4-ton capacity, but does not restrict other vehicles. They rely on an Attorney General opinion that states, "Any parking restrictions that a local authority would choose to impose would have to apply to all vehicles or none." (73 Ops.Cal.Atty.Gen. 13, 19 (1990).) We disagree.

█ Homes and the Attorney General misinterpret the language and legislative intent of section 22507. In *Garth,* the appellant, relying on this same Attorney General opinion, argued that the City of Palos Verdes could not selectively prohibit parking for trailers without also restricting all other vehicles under section 22507. But the Court of Appeal rejected this contention. It said, "Although opinions of the Attorney General are entitled to great weight, they are not binding [citation], and we do not find the Attorney General's conclusion in this one persuasive. In our view, the Legislature did not intend to restrict local governments in the manner suggested by appellant." (*People v. Garth, supra,* 234 Cal.App.3d at p. 1800.) Instead, it intended to delegate power to local authorities to place parking restrictions on "*any type* of vehicle." (*Ibid.*) The ordinance therefore was neither preempted by state law nor was it inconsistent with the Vehicle Code. (*Id.* at pp. 1800–1801.)

█ Here the ordinance is similar to the one in *Garth.* We agree with *Garth.* As *Garth* points out, the Legislature gave the City the power to select the type of vehicles that are regulated. It did not impose an "all vehicles or none" standard. (*People v. Garth, supra,* 234 Cal.App.3d at p. 1800.) Section 22507 expressly authorizes the City to restrict parking "during all or certain hours of the day." The statute is permissive. Therefore the time restrictions in the ordinance fall within the scope of the delegated power.

█ Moreover, Homes has not shown that the parking restrictions are arbitrary. The documents attached to their motion show that City officials claimed the ordinance was necessary for health and safety reasons. Courts in other jurisdictions have upheld similar ordinances that restricted the type of vehicles regulated here. (*Village of Evergreen Park v. Russell* (1981) 102 Ill.App.3d 723, 726 [430 N.E.2d 587, 588, 58 Ill.Dec. 555] [ordinance validly

banned overnight parking for recreational vehicles, motor homes, trailers, 3/4-ton trucks, buses, pickup campers].) We conclude that the ordinance is not preempted by the Vehicle Code.

## II. *Posting the Signs*

Homes contends the trial court erred by finding that the signs the City posted provided adequate notice to motorists. We agree.

■ Section 22507, subdivision (a), states that "the ordinance . . . shall not apply until signs or markings giving adequate notice thereof have been placed." "[I]t is proper to consider legislative history 'where it buttresses our interpretation of the plain meaning of a statute. . . .' [Citations.]" (*El Dorado Palm Springs, Ltd. v. City of Palm Springs* (2002) 96 Cal.App.4th 1153, 1167 [118 Cal.Rptr.2d 15].) Homes notes that the legislative history of this provision shows that legislators were concerned that "motorists unfamiliar with the local regulations could unknowingly violate them" if parking signs were not "posted along a street which is being regulated . . . ." (Assemblyman John Francis Foran, letter to Governor Ronald Reagan, July 9, 1969 on Assem. Bill No. 699 (1969 Reg. Sess.).)

Here the City did not post signs on all the streets to which the ordinance applies. It placed signs at 33 locations which the City Attorney contended were entrances to the City. Homes notes that the Department of Transportation Traffic Manual, section 4-03.1, Regulatory Signs, states, "Regulatory signs are usually installed at the locations where the regulations apply." (*Id.,* ch. 4, p. 14.) They point out that cities must post parking restriction signs for street sweeping "at each entrance to the street." (§ 22507.6.) " '[E]ntrance' means the intersection of any street or streets comprising an area of restricted parking . . . ." (*Ibid.*) The purpose of these signs is to provide notice of the different parking restrictions for each street before motorists decide to park there.

■ But because this ordinance is a uniform citywide parking ban, we do not necessarily agree with Homes' suggestion that the City must post every street corner in town. Yet, they correctly note that the City's evidence was insufficient to show adequate posting. The City presented no testimony and the City Attorney's oral argument was not evidence. Clifford's declaration did not explain the reasons for the selection of each of the 33 sites. Moreover, the City Attorney conceded that not all the entrances to the City were posted. Therefore a motorist, unaware of the restrictions, could enter the City, park on a non-posted street and be cited. That is the classic trap for the unwary that the Legislature wanted to prevent.

The signs do not state that the restrictions apply citywide. A motorist could therefore read the sign and believe it applied only to the street where it had been posted. In addition, the signs' content is confusing because it suggests that vehicles over a 3/4-ton capacity are subject to the two-hour parking restriction. But the ordinance only prohibits overnight parking for such vehicles.

We reverse the order which denied a preliminary injunction against the City and remand for a hearing on the City's compliance with the posting requirement. In all other respects, the judgment is affirmed. Costs to appellants.

Coffee, J., and Perren, J., concurred.