Filed 8/24/16  Homes on Wheels v. City of Santa Barbara CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| HOMES ON WHEELS et al.,<br><br>    Plaintiffs and Appellants,<br><br>v.<br><br>CITY OF SANTA BARBARA,<br><br>    Defendant and Respondent. | 2d Civil No. B265630<br>(Super. Ct. No. 1487246)<br>(Santa Barbara County) |

Plaintiffs Homes on Wheels, an unincorporated association, Nancy McCradie, Richard Paluch and Peter Marin appeal a judgment dismissing their injunctive/declaratory relief action following the sustaining of a demurrer in favor of defendant City of Santa Barbara (City).  We conclude this action is not barred by res judicata or collateral estoppel.  Plaintiffs, however, do not state sufficient facts to state a cause of action.  We affirm.

FACTS

In 2011, Homes on Wheels, an association of RV owners, and McCradie, a taxpayer, filed an action for declaratory and injunctive relief against the City.  In a second amended complaint, they alleged their action "challenge[d] the legal right of [the] City to enact and enforce" Santa Barbara Municipal Code section 10.44.205B, which places "restrictions on access by RV occupants to schools, to churches, to medical offices and hospitals, and to public parks and recreation facilities."

Homes on Wheels and McCradie alleged: 1) the ordinance is "vague" and "violates the rights of RV dwellers in the City to due process of law"; 2) the City may not post "zones where RV parking is forbidden" without first "publishing the intended action for public comment"; 3) the City should be restrained from "violation of the rights of the disabled RV occupants to park on city streets"; 4) the City's actions violate the Americans with Disabilities Act (ADA) (42 U.S.C. § 12132); and 5) the ordinance "deprives plaintiffs of" their constitutional right to travel.

The trial court sustained a demurrer without leave to amend. It said, "[P]laintiffs have had two opportunities to amend their complaint," but they "have not done so." Their general pleading allegations did not state a cause of action. They "provide[d] no allegations of fact" to challenge the City's authority to regulate RV parking.

In 2015, Homes on Wheels, McCradie, Paluch and Marin filed a complaint for declaratory and injunctive relief against the City. Homes on Wheels alleged it "advocates for, and represents the rights, of its members," including those who "possess valid Disabled license plates or parking placards." McCradie and Marin sued as taxpayers. Plaintiffs alleged facts concerning a City practice not alleged in the prior action. Here they allege that Paluch parks his RV in blue curb zones for disabled parking and displays his disabled placard. Paluch "has been cited . . . by the City" for a parking violation because the City posts "No RV" parking signs in blue curb zones. He "is a licensed holder of a stall at the Weekend Arts and Crafts Market permitted by the City." Because of "his health conditions," he needs to park as close as possible to that stall. His "right to park in a disabled space, under state law, pre-empts any contrary designation by the City." The City's actions violate "the statutory protection of the rights of access of disabled persons" and the ADA.

The trial court sustained a demurrer without leave to amend as to Homes on Wheels and McCradie. It ruled the judgment in the 2011 action barred their current action under the doctrine of res judicata. Because Paluch and Marin were not parties or in privity with parties to that prior action, the court ruled they were not barred by res

judicata or collateral estoppel. Nevertheless, they did not state a cause of action. They were granted leave to amend. They did not amend, and the court entered a judgment dismissing the action.

DISCUSSION

*Res Judicata and Collateral Estoppel*

The City contends the current action is barred by res judicata and collateral estoppel.

"'Res judicata, or claim preclusion, prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them.'" (*Consumer Advocacy Group, Inc. v. ExxonMobil Corp.* (2008) 168 Cal.App.4th 675, 683.) "'In general, collateral estoppel precludes a party from relitigating issues litigated and decided in a prior proceeding.'" (*Branson v. Sun-Diamond Growers* (1994) 24 Cal.App.4th 327, 346.) If the current cause of action is not "identical" to the one litigated in the first case, "'the first judgment does not stand as a bar to the second suit.'" (*Consumer Advocacy Group*, at p. 686.) If the current issue was not raised in the prior case, collateral estoppel does not apply. (*Branson*, at p. 346.)

Plaintiffs contend res judicata and collateral estoppel do not apply because the current action arises out of "new facts." We agree. The complaint alleges blue zone ticketing in 2015, years after the judgment in the prior action.

"As a cause of action is framed by the facts in existence when the underlying complaint is filed, res judicata 'is not a bar to claims that arise after the initial complaint is filed.'" (*Planning & Conservation League v. Castaic Lake Water Agency* (2009) 180 Cal.App.4th 210, 227.) "For this reason, the doctrine may not apply when 'there are *changed conditions and new facts which were not in existence* at the time the action was filed . . . .'" (*Ibid.*, italics added.) That is the case here.

Moreover, two plaintiffs in the current action, Paluch and Marin, were not parties to the prior action. The trial court correctly found they were not in privity with the plaintiffs in the first case and "the doctrines of res judicata and collateral estoppel cannot be applied to [them] on demurrer."

3.

*Stating a Cause of Action*

The City contends the trial court correctly ruled that the complaint did not contain sufficient facts to state a cause of action against it. We agree.

"The reviewing court gives the complaint a reasonable interpretation, and treats the demurrer as admitting all material facts properly pleaded." (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 966-967.) "[I]t is error for a trial court to sustain a demurrer when the plaintiff has stated a cause of action under any possible legal theory." (*Id.* at p. 967.) The policy of the law favors a "liberal interpretation" of the pleadings. (*Dieckmann v. Superior Court* (1985) 175 Cal.App.3d 345, 352.)

The City demurred claiming, among other things, that plaintiffs did not plead valid due process and right to travel claims and had made some meritless challenges to City ordinances. But "all that is necessary against a general demurrer is that upon a consideration of all the facts stated, it appears that the party whose pleading is attacked . . . is entitled to *any* relief . . . ." (*South Shore Land Co. v. Petersen* (1964) 226 Cal.App.2d 725, 733.) This is so "notwithstanding the facts may not be clearly stated, or may be intermingled with a statement of other facts irrelevant to the cause of action . . . ." (*Ibid.*) But the failure to state sufficient facts is fatal to a cause of action and that is the case here.

Plaintiffs allege the City may not lawfully ticket Paluch's parked vehicle in a blue disabled parking zone because Paluch displayed a disabled parking placard on the vehicle. These allegations are too general to state a cause of action. The complaint does not specifically state what type of vehicle Paluch parks in the blue zone, other than the characterization "RV." The term "RV" includes a variety of vehicles, many of which may not be suited to be parked on city streets or in a blue zone.

In *Homes on Wheels v. City of Santa Barbara* (2004) 119 Cal.App.4th 1173, we noted that the City enacted an RV ordinance, which included the following vehicles: 1) "Any trailer (whether attached to another vehicle or separate)"; 2) a "[s]emi-trailer"; 3) a mobilehome; 4) a bus; and 5) other types of recreational vehicles. (*Id*. at p. 1176.) Health and Safety Code section 18010, subdivision (a) defines a "recreational

4.

vehicle" to include: "A motor home, travel trailer, truck camper, or camping trailer, with or without motive power, designed for human habitation . . . ." Health and Safety Code section 18009.3, subdivision (a)(1) includes park trailers as RV's. A park trailer may be 14-feet wide and contain 400 square feet of "gross floor area" and include a "loft area space." (*Ibid.*)

The blue zone parking issue cannot be decided without knowing specifically what type of so-called RV Paluch parks there. If Paluch parks a large trailer or mobilehome in the blue zone, it may prevent other people, whether disabled or not, from using that area. A large vehicle in the blue zone may create traffic or safety problems. A wide vehicle may block traffic lanes. Plaintiffs did not allege facts to describe the length, width or size of Paluch's vehicle or whether it is compatible with street parking or traffic conditions near the blue zone. They did not allege whether his type of vehicle may be legally parked on city streets or the type of zoning in that area. Nor did they allege facts to describe the dimensions of the blue zone or whether there are other near-by zones where he could park his RV.

Plaintiffs allege that they represent the interests of RV owners "who are compelled by circumstances to use vehicles *as their principal places of residence*." (Italics added.) But the facts are insufficient to indicate how Paluch was using his RV at the time it was ticketed. The blue zones are designated for temporary parking, not for permanent dwelling areas. If Paluch is using the blue zone as a space for a permanent residence, he may be creating, among other things, health and safety problems. Plaintiffs allege Paluch "needs to park his RV as close as possible to his licensed stall [at] the crafts market, as his health conditions require frequent use of the sanitary facility of the RV." But, significantly, plaintiffs nowhere allege the connection between Paluch's use of his RV and his disability.

The City may prevent the use of blue zones for permanent RV residences and illegal camping. It may cite those who commit health and safety code violations. (See *Homes on Wheels v. City of Santa Barbara*, *supra*, 119 Cal.App.4th at pp. 1177-1178.) The City may prohibit placards from being displayed on non-motorized RV's,

5.

such as trailers, in blue zones, and it may consider reasonable size limitations and traffic safety. (*Baughman v. Walt Disney World Co.* (2013) 217 Cal.App.4th 1438, 1447.) The failure to plead sufficient facts prevented the trial court from deciding whether the City improperly "ticketed" Paluch's vehicle in a blue zone.

The trial court gave plaintiffs leave to amend the complaint. Plaintiffs could have used that opportunity to describe the type of RV that Paluch uses and its necessary use because of his disability. But they elected not to amend. Their complaint is a series of conclusory assertions that fail to state a cause of action.

We gave plaintiffs 30 days to brief the issue of whether the complaint stated a cause of action under the federal Americans with Disabilities Act. But they did not brief that issue.

## DISPOSITION

The judgment is affirmed. Costs on appeal are awarded in favor of respondent.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:


PERREN, J.


TANGEMAN, J.

6.

Thomas P. Anderle, Judge

Superior Court County of Santa Barbara

_____

Joseph D. Allem for Plaintiffs and Appellants.

Ariel Pierre Calonne, City Attorney, Tom R. Shapiro, Assistant City Attorney, John S. Doimas, Deputy City Attorney, for Defendant and Respondent.