[No. G023111. Fourth Dist., Div. Three. Mar. 24, 1998.]

JOHN F. DEAN, Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
ROSALYN LEVER et al., Real Parties in Interest.

COUNSEL

Darryl R. Wold and Reed & Davidson for Petitioner.

No appearance for Respondent.

Mark S. Rosen for Real Parties in Interest.

OPINION

**SILLS, P. J.**—Petitioner, a candidate for local office, seeks extraordinary writ relief mandating the registrar of voters delete part of an opponent's candidate statement as an impermissible personal attack on petitioner. We

issue relief and conclude the superior court erred in not ordering the deletion.

Darrell Opp seeks to unseat the incumbent petitioner, John F. Dean, as county superintendent of schools in the upcoming June 1998 election. Opp submitted a candidate statement to the registrar of voters which began with the following three paragraphs commenting on petitioner: "[¶] The incumbent, John Dean, is failing our schools, our children and the taxpayers. [¶] Under Dean's tenure $250,000,000 (Two Hundred and Fifty Million!) was borrowed to gamble in the bankrupt Citron investment pool. Dean personally authorized this borrowing. He is one of the few remaining county officials who has not resigned or been removed from office for his role in this fiasco. [¶] Dean's 'leadership' over the last eight years resulted in massive increases in the size of the County bureaucracy. Elected on a platform to cut the county budget, instead his budget has increased from $64 Million to over $105 Million."[1]

Dean challenged Opp's candidate statement by seeking a writ of mandate in the superior court pursuant to Elections Code section 13313.[2] That section authorizes the court to mandate amendment or deletion of material in the voter's pamphlet which is "false, misleading, or inconsistent with the requirements of this chapter; . . ." (§ 13313, subd. (b)(1).)

■ Dean sought relief on two grounds: (1) deletion of the first three paragraphs (quoted above) "because they consist entirely of material that is not permitted to be included in a candidate's statement" and (2) deletion of four false and misleading sentences in the second and third paragraphs of the statement. The trial court denied the request to delete the first three paragraphs in their entirety, but did direct amendments to the second and third paragraphs.[3] The only issue presented here is whether the lower court erred in refusing to delete the first three paragraphs in their entirety.

Section 13307 delineates the contents of a candidate's statement for local office, as well as the procedures for inclusion of such a statement in the

---

[1]The statement continues with a recitation of Opp's background, his platform for the county department of education, and a list of individuals who have endorsed his candidacy.

[2]All further references are to the Elections Code unless otherwise noted.

[3]The court directed the second paragraph be amended to read: "During Dean's tenure $250,000,000 (Two Hundred and Fifty Million!) was borrowed to invest in the risky Citron investment pool. Dean should have prevented this borrowing. He is one of the few remaining bankruptcy-era county officials who has not resigned or been removed from office." The court directed the third paragraph amended to read: "Dean's 'leadership' over the last eight years resulted in massive increases in the size of the County Department of Education bureaucracy. Elected on a platform to cut the Department's budget, instead his budget has increased from $64 Million to over $105 Million."

voter's pamphlet. In pertinent part, the statute provides: "(a)(1) Each candidate for nonpartisan elective office in any local agency, including any city, county, city and county, or district, may prepare a candidate's statement on an appropriate form provided by the elections official. The statement may include the name, age and occupation of the candidate and a brief description, of no more than 200 words, of the candidate's education and qualifications expressed by the candidate himself or herself. However, the governing body of the local agency may authorize an increase in the limitations on words for the statement from 200 to 400 words. The statement shall not include the party affiliation of the candidate, nor membership or activity in partisan political organizations."

■ "[T]he interpretation and applicability of a statute is a question of law." (*City of Petaluma* v. *County of Sonoma* (1993) 12 Cal.App.4th 1239, 1244 [15 Cal.Rptr.2d 617].) In reviewing petitioner's claim, we are guided by well-settled rules of statutory interpretation. The most fundamental of these rules is that where the statute is clear, the "plain meaning" rule applies. The Legislature is presumed to have meant what it said, and the plain meaning of the language governs. (*Great Lakes Properties, Inc.* v. *City of El Segundo* (1977) 19 Cal.3d 152, 155 [137 Cal.Rptr. 154, 561 P.2d 244].) " 'If the language is clear and unambiguous there is no need for construction, nor is it necessary to resort to indicia of the intent of the Legislature . . . .' " (*Delaney* v. *Superior Court* (1990) 50 Cal.3d 785, 798 [268 Cal.Rptr. 753, 789 P.2d 934].)

■ The language of section 13307 is unambiguous. "The statement may include the name, age and occupation of the candidate and a brief description . . . of the candidate's education and qualifications . . . ." As noted by the Supreme Court in *Clark* v. *Burleigh* (1992) 4 Cal.4th 474 [14 Cal.Rptr.2d 455, 841 P.2d 975], "[t]he negative implication of this specific list, of course, is that the Legislature did not intend the statutory candidate's statement to contain any other material: *expressio unius est exclusio alterius.* [Citation.]"[4] (4 Cal.4th at p. 489.)

Opp argues *Clark* is distinguishable because section 13308, which governs *judicial* elections, contains specific limitations prohibiting comments on another candidate's qualifications, character or activities. *Clark* first found the implied intent to limit the statement from the same words used in the statute we review here. The additional language specific to judicial elections demonstrates additional express intent. But express intent is unnecessary here under the maxim *expressio unius est exclusio alterius.* "The expression

---

[4]*Clark* interpreted sections 10012 and 10012.1, the predecessors to sections 13307 and 13308. (See Stats. 1994, ch. 920, § 2.)

of some things in a statute necessarily means the exclusion of other things not expressed." (*Gikas* v. *Zolin* (1993) 6 Cal.4th 841, 852 [25 Cal.Rptr.2d 500, 863 P.2d 745], citing *Dyna-Med, Inc.* v. *Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1391, fn. 13 [241 Cal.Rptr. 67, 743 P.2d 1323]; see also *Lake* v. *Reed* (1997) 16 Cal.4th 448, 466-467 [65 Cal.Rptr.2d 860, 940 P.2d 311].) Here, the statute expressly authorizes comments on one's own qualifications, to the exclusion of comments on an opponent's qualifications.

We have received a reply from real party in interest Opp. Further proceedings would add nothing to our review. (See *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 180 [203 Cal.Rptr. 626, 681 P.2d 893].) The relevant law and facts are entirely clear. (*Ng* v. *Superior Court* (1992) 4 Cal.4th 29, 35 [13 Cal.Rptr.2d 856, 840 P.2d 961].) Consequently, additional briefing and oral argument would serve no useful purpose. (*Alexander* v. *Superior Court* (1993) 5 Cal.4th 1218, 1222-1223 [23 Cal.Rptr.2d 397, 859 P.2d 96].) Moreover, time is of the essence. (See § 13314, subd. (a)(3).)

Let a peremptory writ of mandate issue directing the registrar of voters to delete the first three paragraphs of Opp's candidate statement from the voter's pamphlet and to print the Opp candidate statement in the voter's pamphlet without those three paragraphs. To prevent mootness and to prevent frustration of the relief granted, this court's decision shall be final upon filing of the opinion. (Cal. Rules of Court, rule 24(d).)

Wallin, J., and Rylaarsdam, J., concurred.

The petition of real parties in interest for review by the Supreme Court was denied March 27, 1998.