Filed 3/13/23  In re C.G. CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re C.G., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B320593 (Consolidated with B321354) (Super. Ct. No. PJ 53622) (Los Angeles County) |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>C.G.,<br><br>    Defendant and Appellant. | |

C.G. was declared a ward of the juvenile court.  He appeals from an order committing him to a secure youth treatment facility (SYTF) pursuant to Welfare and Institutions Code section 875.[1]  Appellant contends the order must be reversed because

---

[1] Unless otherwise stated, all statutory references are to the Welfare and Institutions Code.

more evidence needs to be presented on whether the commitment is appropriate in view of his young age.  At the time of the commitment, appellant was 15 years old.

Appellant also appeals from an order modifying his baseline term of confinement (baseline term).  (§ 875, subd. (b).) The baseline term was originally set at two years, six months. The juvenile court subsequently increased it to three years, six months.  Appellant claims the baseline term should have remained at two years, six months.  We agree.  We modify the judgment to set a baseline term of two years, six months.  In all other respects, we affirm.

*Section 875*

Section 875 was added to the Welfare and Institutions Code by Senate Bill No. 92, which became effective on May 14, 2021. (Stats. 2021, ch. 18, § 12.)  Section 875, subdivision (a) provides that, "commencing July 1, 2021, the [juvenile] court may order that a ward who is 14 years of age or older be committed to a secure youth treatment facility for a period of confinement" provided that the ward meets certain criteria.

Section 875, subdivision (b) provides: "In making its order of commitment for a ward [to an SYTF], the court shall set a baseline term of confinement for the ward that is based on the most serious recent offense for which the ward has been adjudicated.  The baseline term of confinement shall represent the time in custody necessary to meet the developmental and treatment needs of the ward and to prepare the ward for discharge to a period of probation supervision in the community. The baseline term of confinement for the ward shall be determined according to offense-based classifications that are approved by the Judicial Council, as described in subdivision (h).

Pending the development and adoption of offense-based classifications by the Judicial Council, the court shall set a baseline term of confinement for the ward utilizing the discharge consideration date guidelines applied by the Department of Corrections and Rehabilitation, Division of Juvenile Justice prior to its closure and as set forth in Sections 30807 to 30813, inclusive, of Title 9 of the California Code of Regulations."

Section 875, subdivision (h) provides: "By July 1, 2023, the Judicial Council shall develop and adopt a matrix of offense-based classifications to be applied by the juvenile courts in all counties in setting the baseline confinement terms described in subdivision (b)."

*Procedural History*

In September 2021 a two-count petition was filed against appellant. Each count alleged that on August 12, 2021, when he was 14 years old, appellant had committed an assault with a semiautomatic firearm in violation of Penal Code section 245, subdivision (b). Each count involved a different victim. The identity of the victim in count 1 is unknown.

After a contested adjudication hearing, the juvenile court found both counts true and sustained the petition. Evidence presented at the hearing showed that the victim in count 2 was 14 weeks pregnant when appellant assaulted her. He shot her in "the upper area of her chest."

At the disposition hearing the juvenile court declared appellant a ward and committed him to an SYTF. It selected a baseline term of two years, six months. It set the maximum period of physical confinement at 16 years, 4 months.

Appellant filed an appeal from the order committing him to an SYTF. This appeal is case number B320593.

3

At a subsequent hearing, the court modified the baseline term and the maximum period of physical confinement. The court accepted the parties' stipulation that the maximum term of confinement is 22 years, 8 months.

The parties disagreed as to the baseline term. They noted that the Division of Juvenile Justice's guidelines do not cover an assault with a semiautomatic firearm where the victim is a civilian. The People contended that appellant's offense qualified as a category 3 offense, which requires a baseline term of three years. (Cal. Code Regs., tit. 9, § 30809 (hereafter § 30809).) Because there were "multiple victims," the People requested that the court add an additional six months for a total of three years, six months. Appellant argued that the offense was a category 4 offense, which requires a baseline term of two years. (*Id.*, § 30810 (hereafter § 30810).)

The juvenile court adopted the People's position. It set the baseline term at "3 years plus 6 months added on for the multiple victims." The extra six months were authorized by the following provision in section 875, subdivision (b): "The court may, pending the adoption of Judicial Council guidelines, modify the initial baseline term with a deviation of plus or minus six months."

Appellant filed an appeal from the order modifying the baseline term. This appeal is case number B321354. We ordered the two appeals consolidated under case number B320593.

*Appellant's Offense Qualifies as a*

*Category 4, Not a Category 3 Offense*

Section 30809, subdivision (a)(9), provides that a category 3 offense includes "Assault with Deadly Weapon or Force Likely to Produce Great Bodily Injury upon a peace officer, fireman, custodial officer, transportation worker or school personnel

4

(245(a), (b), 245.2 and 245.3 Penal Code)." Subdivision (a)(9) is the only provision in sections 30809 and 30810 that expressly mentions a violation of section 245, subdivision (b), i.e., assault with a semiautomatic firearm. A category 3 offense also includes "Assault with Firearm (on a peace officer/fireman) (245(a)(2) and 245(c) Penal Code)." (§ 30809, subd. (a)(10).) The other category 3 offenses listed in section 30809 do not apply to assault with a firearm or other deadly weapon.

Section 30810, subdivision (a) provides that a category 4 offense includes the following: "(5) Assault with a Deadly Weapon or Force Likely to Produce Great Bodily Injury (with substantial injury) (245(a)(1) Penal Code)." "(6) Assault with Firearm (with substantial injury) (245(a)(2) Penal Code)." "(17) Any other felony including attempted felony not listed in Categories 1 through 3 (with substantial injury)." These are the only category 4 offenses that could apply to appellant's offense. Appellant concedes that the victim in count 2 "was severely injured."

To determine whether appellant's offense qualifies as a category 3 or category 4 offense, we must construe sections 30809 and 30810. "'The construction of an administrative regulation and its application to a given set of facts are matters of law.'" (*Schmidt v. Foundation Health* (1995) 35 Cal.App.4th 1702, 1711.) "Generally, the same rules governing the construction and interpretation of statutes apply to the construction and interpretation of administrative regulations." (*Id.* at p. 1710.)

"'A fundamental rule of statutory construction is that a court should ascertain the intent of the Legislature so as to effectuate the purpose of the law. [Citations.] In construing a statute, our first task is to look to the language of the statute itself. [Citation.] When the language is clear and there is no

5

uncertainty as to the legislative intent, we look no further and simply enforce the statute according to its terms. [Citations.] [¶] Additionally, however, we must consider the [statutory language] in the context of the entire statute [citation] and the statutory scheme of which it is a part. "We are required to give effect to statutes 'according to the usual, ordinary import of the language employed in framing them.' [Citations.]" [Citations.] "'If possible, significance should be given to every word, phrase, sentence and part of an act in pursuance of the legislative purpose.' [Citation.] . . . .""" (*Phelps v. Stostad* (1997) 16 Cal.4th 23, 32.)

The People argue, "The [juvenile] court logically concluded that assault with a semiautomatic firearm is a Category 3 offense because subdivision [(a)(9) of section 30809] included the code section which defines it, i.e., section 245, subdivision (b)." But the People overlook the qualifying language that the assault must be "upon a peace officer, fireman, custodial officer, transportation worker or school personnel . . . ." (§ 30809, subd. (a)(9).)

The People's interpretation of section 30809, subdivision (a)(9) is contrary to the principle of statutory construction, "expressio unius est exclusio alterius," meaning "'[t]he expression of some things in a statute necessarily means the exclusion of other things not expressed.'" (*Dean v. Superior Court (Lever)* (1998) 62 Cal.App.4th 638, 641-642.) Pursuant to this principle, "when a law enumerates the things upon which it is to apply, it is to be construed as excluding from its effect that which is not expressly mentioned." (*People v. Williams* (1975) 53 Cal.App.3d 720, 722.) Since section 30809, subdivision (a)(9) lists the persons to whom it applies, it is reasonable to infer that the

6

adopting agency intended to exclude a civilian such as the victim in count 2 who is not "a peace officer, fireman, custodial officer, transportation worker or school personnel." (*Ibid*.)

Thus, as to appellant's offense, we perceive no ambiguity in section 30809. The offense does not qualify as a category 3 offense. Even if an ambiguity existed, we would construe the regulation in appellant's favor. "When language reasonably susceptible of two constructions is used in penal law, ordinarily that construction more favorable to the defendant will be adopted. The defendant is entitled to the benefit of every reasonable doubt as to the true interpretation of words or the construction of language used in a statute." (*People v. Stepney* (1981) 120 Cal.App.3d 1016, 1019.)

Appellant concedes that "the court may . . . impose the correct baseline term of two years (with the additional six months for multiple victims)."

*The Age Issue*

When the juvenile court committed appellant to an SYTF, he was 15 years old. The minimum age for such a commitment is 14 years. (§ 875, subd. (a).) Appellant's counsel protested that, if appellant were committed to an SYTF, he "would . . . be one of the younger, if not the youngest, wards" in the facility.

Appellant argues: "Nothing [in the record] specifically addresses [counsel's] concerns" about appellant's age. "The[] record must reveal some evidence addressing the age issue, whether it be more information about the number of people in that age group [i.e.,15-year-old wards committed to an SYTF], or identification of the specific programming targeted for people of that age." "The disposition should be remanded because the concerns about [his] age should be addressed." (Bold and

7

capitalization omitted.) "[T]he trial court's consideration of the minor's age in this case does not negate the need for a remand."

"We review a juvenile court's placement decision for abuse of discretion." (*In re Miguel C.* (2021) 69 Cal.App.5th 899, 908.) "'Discretion is abused whenever, in its exercise, the court exceeds the bounds of reason, all of the circumstances before it being considered. . . .'" (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 566 (*Denham*).)

Appellant appears to be contending that the juvenile court abused its discretion because it failed to require the production of additional evidence on the age issue. In support of his contention, appellant cites *In re Miguel C.*, *supra*, 69 Cal.App.5th 899, which has nothing to do with the age issue. Section 875, subdivision (a)(3)(E) provides that the juvenile court "shall . . . make its determination [whether to commit a ward to an SYTF] based on all of the following criteria," one of which is "[t]he ward's age." But section 875 does not require the presentation of evidence concerning the age criterion.

Appellant concentrates on the age issue without discussing the other factors that entered into the juvenile court's decision to commit him to an SYTF. Because he fails to discuss these other factors and fails to cite pertinent supporting authority, he has not carried his burden of showing that the juvenile court abused its discretion. "'The burden is on the party complaining to establish an abuse of discretion, and unless a clear case of abuse is shown and unless there has been a miscarriage of justice a reviewing court will not substitute its opinion and thereby divest the trial court of its discretionary power.'" (*Denham*, *supra*, 2 Cal.3d at p. 566.) "'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to

8

support it on matters as to which the record is silent, and error must be affirmatively shown. . . .'" (*Id*. at p. 564.)

*Disposition*

In B321354, the judgment is modified to set a baseline term of confinement of two years, six months.  In B320593, the judgment (order of wardship) is affirmed.

NOT TO BE PUBLISHED.


YEGAN, J.


We concur:


GILBERT, P. J.


BALTODANO, J.


9

Fred J. Fujioka and Susan Ser, Judges

Superior Court County of Los Angeles

_____

Law Offices of Esther R. Sorkin and Esther R. Sorkin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, Rama R. Maline, Deputy Attorney General, for Plaintiff and Respondent.